## JAMES B. CANNON ET AL. *v.* HENDERSON MURPHY ET UX.

Where C. and wife settled, as colonists, upon a tract of land in Peters' colony, and made improvements and continued to reside upon it until the death of the wife, in 1848, they acquired such property in the land as created a community interest; and, upon the death of the wife, her interest descended to her children, as her heirs. (Paschal's Dig., Art. 4642, Note 1049.)

The title at the death of the wife being inchoate, and the husband, after her

death, having perfected the title, by obtaining the certificate of the colony commissioner, and having located upon the land and surveyed, he held the title as a "married man," in trust, for himself and the heirs of the wife; and the purchaser of the whole from the husband took subject to the descent cast upon the children. (Paschal's Dig., p. 76, §1, Note 215; Arts. 813, 814, 818, Notes 400, 401.)

Where the questions of improvements and the value of the use and occupation were left to the jury, which found for the plaintiff, but found neither good faith nor value of use and occupation, and the question of title was a pure matter of law, the court refused to disturb the verdict. (Paschal's Dig., Arts. 5300, 5307, Notes 1147, 1153.)

APPEAL from Denton. The case was tried before Hon. W. T. G. WEAVER, one of the district judges.

The record is voluminous, but the facts are sufficiently indicated in the opinion of the court and the preceding syllabus.

*Joseph Bledsoe,* for appellant, cited Webb v. Webb, 15 Tex., 274; Causici v. La Costa, 20 Tex., 269; Cowan v. Hardeman, 26 Tex., 216; Randon v. Barton, 4 Tex., 289.

*Thockmorton & Brown,* for appellees.—I. Upon the death of the mother there was such an equity as descended to the children. (Williamson v. Willerson, 20 Tex., 237.)

[II. They cited the colonial laws to prove the character of the property.]

LATIMER, J.—The evidence in this case shows that Alexander E. Cannon and his wife, Elizabeth Cannon, accompanied by one of their two children, the other child having been left in the State of Missouri, emigrated to Texas, and settled within the limits of Peters' colony, in the year 1846, on the land in controversy in this suit. That they continued to reside on the land until the death of Mrs. Elizabeth Cannon, in September, 1848, and that after the death of Mrs. Cannon, Alexander E. Cannon commenced to reside on the land, and received from Thomas William Ward,

commissioner, under the act of January 21, 1850, a certificate, as a married man, for six hundred and forty acres of land. The certificate was granted by Commissioner Ward, on the 11th of April, 1850.

. The certificate recites "the land claimed by the aforesaid colonist (meaning Alexander E. Cannon) has been surveyed by the colony contractor, but cannot be herein described, there being no maps or field-notes of the colony in the possession of the commissioner; therefore the said Cannon is entitled to have his land surveyed by the county or district surveyor."

It is not shown at what precise time Cannon ceased to reside upon the land, but in November, 1850, he made a power of attorney to one Lloyd, authorizing him to convey the land to Henderson Murphy, one of the appellants.

The land was surveyed for Alexander E. Cannon on the 25th day of March, 1850, upon the certificate granted by Commissioner Ward.

This suit was brought by James B. Cannon and Elizabeth Jane Cannon, the children of Alexander E. Cannon and Eliza Cannon, claiming one-half of the land in right of their mother, Eliza Cannon, who died on the land, as before stated, in September, 1848.

We think there can be no question that the land was the community property of Alexander E. Cannon and his wife, or, to speak more accurately, that Cannon and his wife acquired such inchoate right, by their settlement and occupation of the land, as entitled the surviving husband to have the certificate issue to him, and that, when the land was secured by the certificate issued by Ward, commissioner, and the subsequent survey, the title inured to the benefit of the heirs of the deceased wife.

The act of the 4th February, 1841, authorizing the president of the republic to contract with Peters and his associates, made a distinction between families and single men, providing that not more than six hundred and forty acres

of land should be given to any family, and not more than three hundred and twenty acres to a single man over the age of seventeen years. The act of January, 1850, contained the same provision. Alexander E. Cannon made his claim before Commissioner Ward as a married man, which he had a right to do, although his wife was then dead, because his claim was made according to his right at the time of his settlement.

There can be no doubt that the identical land in question here was secured by virtue of the settlement of Cannon and his wife and the subsequent occupation; and it would be contrary to the spirit of our laws to invest the husband with the whole property thus acquired, to the exclusion of the heirs of the wife.

Besides, the act of January, 1850, in express terms secures to the heirs and legal representatives of such settlers as died subsequent to their settlement within the colony limits the quantity of land to which the persons they represent would have been entitled.

This provision of the act of 1850 must be held to secure to the heirs of Mrs. Elizabeth Cannon in this case what their mother would have been entitled to had she lived until the rights of herself and husband, which were inchoate at the time of her death, were recognized and perfected.

The defendants in the court below set up a claim for improvements made on the land in good faith.

The judge below gave the jury proper instruction in relation to what constitutes good faith, and submitted the question of improvements properly to them.

The jury found that the plaintiffs were entitled to an undivided half-interest in the land, and the court gave judgment accordingly. We do not feel inclined to disturb the judgment.

It was, to say the least, doubtful whether the defendants below purchased in good faith, and the evidence on the subject of improvements, and the value of the use and

occupation of the land, was not such as to inform the jury very satisfactorily on these points. The judgment of the court below is

AFFIRMED.