WILLIAM CARTER ET AL. v. MARY A. WISE ET ALS.

1. Land acquired as a colonist and head of a family in Peters' Colony became community property, and at the death of the wife her community interest in the land accrued to and vested in her children, not subject to sale or conveyance by the father, even though the certificate and patent did not issue until after the death of the wife.

2. A quit-claim deed only passes the present interest of the grantor, and

those who hold by such a deed are not and cannot be innocent purchasers; nor those who hold under or through them.

3. In a suit against a purchaser holding under a quit-claim deed from the father of the plaintiffs, they will be entitled to recover the community interest of their deceased mother in the land, without being required to account for assets inherited from the father.

ERROR from Collin. Tried below before T. C. Goodner, Esq., Special Judge.

The plaintiffs in error held the land in controversy by regular chain of transfer from Langdon C. Searcy, the patentee. The certificate was issued to Searcy by Commissioner Ward, under act of January 21, 1850, on account of his immigration and settlement within Peters' Colony, prior to the first day of July, 1848.

L. C. Searcy and Sophronia, mother of defendants in error, being husband and wife, immigrated to Texas as colonists in the year 1844, and settled within the limits of Peters' Colony, upon the section of land in controversy, built a cabin, etc., substantially complying with the requirements of the contract. Sophronia died in 1847, leaving the two defendants in error, Mary Ann and Azelia, her only heirs—having, with her husband, resided upon the land since their first settlement. After her death L. C. Searcy sold his claim upon the land to Jacob Teeters and removed to a different place. Upon the passage of the law of January 21, 1850, Searcy procured the certificate and located it upon the section he had first settled upon. Subsequently he conveyed the land to Jacob Teeters, under whom the plaintiffs in error claim. The plaintiffs below sued for one-half the land as the community interest of their mother.

Verdict and judgment for plaintiffs for one-half the land, and defendants prosecute their writ of error.

*Throckmorton & Brown*, for plaintiffs in error.

*S. B. Maxey*, for defendants in error.

McAdoo, J.—The land which is the subject matter of this suit was community property of L. C. Searcy and his wife Sophronia, the father and mother of the appellees.

It is true, the patent did not issue until after the death of the wife, but it was acquired by reason of the fact that Searcy was a married man, and lived on and improved the property, with his family. When the mother of the appellees died, her community interest in this land accrued to and vested in her children, the appellees. It was not subject to sale and conveyance by their father.

The only question which arises in the case is, are the appellees to be met with proof that they received of the estate of their father, after his death, property for which they must account, before they can recover against those to whom their father sold community property of their father and mother? This question is at once answered by a reference to the deed from L. C. Searcy and Caroline Searcy to Teeters, under whom the plaintiffs in error hold. This deed is a quit-claim conveyance. The only warranty is a special one " against those claiming under them."

These appellees do not claim under their father and step-mother, but by inheritance from their deceased mother, Sophronia Searcy.

This court has repeatedly held that a quit-claim deed only passes the present interest of the grantor, and that those who hold by such a deed are not and cannot be innocent purchasers, nor those who hold under or through them. (Hamman v. Keigwin, decided at this term, and authorities there cited.)

The judgment of the District Court is affirmed.

AFFIRMED.