MARY J. NORTON ET AL. v. F. J. CANTAGREL ET AL.

(Case No. 1391-3870.)

1. HEIRS — COLONIST.— A colonist in Peters' colony settled with his wife and child on the land afterwards granted to him in 1843, and improved it. In 1844, during his absence with his family to another state, the wife and child died. In 1845 he returned, and two years afterwards again married, and with his second wife lived on the land until 1854. The colonist in his application for the land made oath to his immigration as a colonist with his wife and child prior to July, 1848. *Held*, that the children of the second marriage inherited from their mother no interest in the land.

APPEAL from Dallas. Tried below before the Hon. Z. Hunt.

*Good & Coombes*, for appellants.

*A. H. Field*, for appellees.

WILLIE, CHIEF JUSTICE.— The facts of this case show that S. G. Coombs and his first wife, together with their child, emigrated to Peters' colony as early as December, 1843, and settled upon and improved the land in controversy in February or March, 1844. In the month of May, 1844, they returned to Kentucky, where the wife and child died in June or July of that year. Coombs came

back to Peters' colony early in 1845, and in 1847 married a second wife, Mrs. Emeline Coombs, the mother of the appellants in this cause. Mrs. Emeline Coombs was living with S. G. Coombs and constituted his family on the 1st day of July, 1848, and continued to live with him on the land in controversy till 1854, when she died.

On the 14th of November Coombs made claim to this land, consisting of six hundred and forty acres, as a settler in Peters' colony, making oath to the effect that he had emigrated to Texas and entered the colony as a colonist prior to July, 1848, with his wife and child; that he had since remained there and performed all the duties required of him as a good citizen, and that he had never before received any land under the Mexican government, the republic or the state of Texas. On the 16th day of March, 1855, a patent for the land was issued to Coombs from the general land office of the state.

Appellants claim one-half of the land, or three hundred and twenty acres, as heirs of said Emeline Coombs, their mother, and by inheritance from a deceased sister. The appellees claim through a deed made by S. G. Coombs to F. Cantagrel, dated May 9, 1855, and subsequent mesne conveyances to themselves.

As no children survived the first marriage of Coombs, the appellees have good title if the land was either his separate property or the community estate of himself and his first wife. But, if it belonged to the community estate of the second marriage, the judgment should have been rendered for the appellants.

That titles to land in Peters' colony, of the kind acquired by Coombs, were community and not separate property of the husband, is too well settled by the case of Hodge v. Donald, 55 Tex., 344, to require further decision. That case is not unlike the present in any important feature. There, as in this case, the wife died prior to the passage of the act of January 21, 1850, and hence no oath could have been made that she had resided on the land continuously to the date of the statute. Still the court held that it became a part of the property which she held in common with her husband, and that her children were entitled to it as her descendants in community. In fact the act of January 21, 1850, does not contemplate that the death of any settler previous to its date shall interfere with the right to the land which would have accrued had he or she lived. It allows the heirs or legal representatives of such settlers to obtain the land to which such settlers would have been entitled. See Pasch. Dig., art. 2230.

In the above case no particular stress is laid upon the fact that

the wife had lived in the colony three years as required by the joint resolution of January 16, 1843. Indeed in the case of Robinson v. Crockett, 20 Tex., 488, that resolution is considered dispensed with whenever any of the conditions imposed by it upon the settler differ from those embraced in the act of January 21, 1850; and it is held that compliance with the more liberal terms of this act was all·that was necessary to entitle the colonist to his land.

It is clear from the provisions of the first, second and seventh sections of the act of January 21, 1850, that the head of a family was . to be entitled to his six hundred and forty acres of land by reason of his emgration to the state and settlement in Peters' colony with his family prior to the 1st day of July, 1848, and his continuance as a settler in said colony. The right to the six hundred and forty acres of land is not made to depend upon the continuance of the life of the wife; but her heirs or legal representatives, or those of her husband in case of his death, may obtain the same quantity of land to which their ancestor or the party they represent would be entitled. So that it is the original settlement within the colony, coupled with such continued residence, if not interrupted by death, accompanied of course by the performance of all the duties of good citizens, that gives the right to the certificate. See Cannon v. Murphy, 31 Tex., 405, approved in Hodge v. Donald, *supra*.

According to these tests, Coombs became entitled to the land by reason of his emigration and settlement in the colony with his first wife and their child, and their residence therein till her death, and his continued residence to the date of his application for the certificate, performing the duties of a good citizen. His rights were not aided or in any wise strengthened by his subsequent marriage, and hence Mrs. Emeline Coombs contributed nothing towards obtaining the land for him, and she was not the means of his receiving a single acre more than he would have received had he never intermarried with her. His application for the land is based upon his immigration and settlement with his first wife and child, and the fact that he has still remained a settler in the colony. It makes no allusion whatever to his second wife, and sets up no claim by reason of any service she had performed; and upon this application his patent was issued. Under such circumstances we cannot see any reason for allowing to the heirs of the second marriage any interest whatever in the land thus granted. It could not be the community estate of Coombs and both his wives, but the wife's interest must be given to her who furnished the consideration which gave to the husband a married man's allowance instead of the smaller amount granted to

single men. All this consideration was furnished by the first wife, and the second only enjoyed the benefits derived from her acts and services in this respect. See Clift v. Kauffman & Runge, Austin Term, 1883.

We think the judgment was correctly rendered for the purchasers under Coombs, as by the death of his first wife and .child he became invested with their interest and with full title to the land. This view of the case does away with any necessity for considering the questions raised upon the pleas of limitations set up by the appellees in the court below.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered December 18, 1883.]