[No. 4496. Decided March 19, 1903.]

MORRIS AHERN, *Appellant,* v. LAWRENCE AHERN *et al.,* *Respondents.*

COMMUNITY PROPERTY — LANDS ACQUIRED UNDER HOMESTEAD LAWS.
The community heirs of a deceased wife are entitled to a half interest in land acquired under the homestead laws of the United States, although patent conveying the legal title thereto was not issued to the husband until after the death of his wife, where the equitable title had vested during the existence of the community.

SAME — STATUS AT INCEPTION OF TITLE GOVERNS.
Where the inchoate title to land had its inception during the existence of the community, the legal title thereto, when acquired by a surviving spouse after the dissolution of the community by death, would inure to the benefit of the community heirs.

Appeal from Superior Court, Adams County.—Hon. FRANK H. RUDKIN, Judge. Affirmed.

*W. W. Zent* and *A. E. Gallagher,* for appellant.

*O. R. Holcomb,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by appellant against respondents to quiet title to two quarter sections of land in Adams county, Washington. The court found in favor of appellant as to one quarter section, known as the railroad land, and found that the respondents were half owners of the other quarter section of land, known as the homestead of appellant. The appeal is from the finding of the court in relation to the homestead. The stipulated facts are that appellant and Bridget Ahern were husband and wife for about thirty-five years prior to December 31, 1894, on which last day Bridget Ahern died intestate, leaving the respondents, together with the appellant, as her surviving heirs at law. On the 21st day of May, 1888, appellant made a homestead entry on the lands in question under the homestead laws of the United States, and he and his wife lived thereon thereafter, and complied with the United States laws, rules, and regulations relating to homesteads, until the wife died as aforesaid. Appellant did not make application to make final proof on said homestead for several months after the death of his wife, but after her death did make final proof, and received his final receipt of said homestead entry for said land on January 27, 1896, and thereafter, on July 31, 1896, received a patent of that date from the United States, conveying said homestead land to him. As conclusions of law, the court found the respondents were the owners of an undivided one-half interest in said

homestead, and that the appellant was the owner of the other undivided one-half interest, and entered a decree adjudging that appellant was not entitled to have the title to said land, except one-half thereof, quieted in him, as against the respondents. The appeal is from such decree.

There are two questions involved in this case, which are raised by this appeal: (1) Do the laws of this state apply to such a conveyance? and (2) if they do, is such property community property? It is the contention of the appellant that the cause involves a federal question, and necessitates a construction of the homestead laws of the United States; that the state laws cannot control the title to lands which are acquired under the homestead act? and, further, that, if it be decided that they do, this particular land is not community property under the provisions of the community property laws of the state. Both these questions have been decided by this court against the contention of the appellant. In *Kromer v. Friday,* 10 Wash. 621 (39 Pac. 229, 32 L. R. A. 671), it was decided that where the equitable title was vested in the community, and the legal title was not obtained until after the death of one of the spouses, the legal title also then vested in the community. On the second proposition, it was there also decided that, within the intent of our laws relating to community property, such land was, in effect, taken by purchase, by reason of the settlement and improvements thereon, in which the wife, as well as the husband, participated, and consequently that the land was community property. To the same effect is *Brazee v. Schofield,* 2 Wash. T. 209 (3 Pac. 265), and *Roeder v. Fouts,* 5 Wash. 135 (31 Pac. 432). It is admitted by appellant that such has been the holding of this court, but he insists that such holdings were erroneous, and

asks the court to adopt the rule contended for by him—that the laws of the state have no application to lands secured under the homestead act—and, further, that such property is not community property under the provisions of the state community property law. If the question were one for present determination, we could but arrive at the same conclusion as before. In *Forker v. Henry,* 21 Wash. 235 (57 Pac. 811), we held that a homestead settled upon and improved by a woman before marriage, who continued to reside there, together with her husband, after her marriage, and to whom a patent was issued therefor after final proof was made, was the separate property of the wife. This decision was rendered upon the theory that, if either spouse before the marriage had acquired an equitable right to property which was perfected after marriage, the status of the property would follow the right of the spouse who had an equitable interest in the property before marriage. The same reasoning would compel the holding in this case that the property was the property of the wife, she being one of the community at the time the provisions of the law were complied with, which compliance secured to the community the right to obtain title to the property. In the case just cited, after laying down the rule announced above, it was said:

"But the rule also seems to prevail in favor of the community as to the title initiated during the community and perfected after the dissolution of the marriage."

As sustaining this rule, see, also, *Caruth v. Grigsby,* 57 Tex. 259; *Hodge v. Donald,* 55 Tex. 344; *Carter v. Wise,* 39 Tex. 273; *Cannon v. Murphy,* 31 Tex. 405; *Wilkinson v. Wilkinson,* 20 Tex. 237; *Yates v. Houston,* 3 Tex. 433.

We know of no cases holding to the contrary, and, even

conceding, without deciding, that a construction of the homestead laws is necessary, it seems to be the doctrine of reason and justice that, where the community has done all that the law requires it to do, the equitable title vests; that it is the doing of the thing required, and not the proof of the doing, which meets the requirements of the law; that the proof is only evidentiary matter which establishes the fact which already existed. In addition to this the supreme court of the United States has uniformly held that the right to a patent, once vested, is treated by the government, when dealing. with the public lands, as equivalent to a patent issued; that, when in fact the patent does issue, it relates back to the inception of the right of the patentee; and that before such title passes, but after the acquiring of the right to the title, the government simply holds the title in trust for the benefit of the owners of the equitable title. So that, when the provisions of the homestead law had been complied with by this community, the equitable title vested in the community, and, when the legal title passed from the government of the United States, it related back to the inception of the right of the patentee.

On the other question involved we are equally satisfied that, under the laws of the state, this land was community property. It is said in 6 Am. & Eng. Enc. Law (2d ed.) p. 317, in discussing inchoate titles, that the doctrine of relation, whereby a title takes effect as of the time of the first act initiating it, is often invoked to determine, as between the community and one of the spouses, whether the property is separate, or falls into the community; that, if either spouse before the marrige has acquired an equitable right to property which is perfected after the marriage, the property is separate, and that the same rule will pre-

vail in favor of the community as to a title initiated during the community, and perfected after the dissolution of the marriage; that in the first case the title takes effect as of a time before the community (the property is therefore separate) and in the other as of a time during the community (it is therefore community property). It will be observed that separate property is defined by the statute, and the law provides that all other property acquired after marriage, by either husband or wife, or both, is community property. From these provisions of the law limiting the separate property by description, and proclaiming all other property not so limited and described as community property, this court has decided, in accordance with the elementary idea running through the community property system of laws, that all property acquired after marriage is presumptively community property. Certainly it is by the combined efforts of the husband and wife that title to homestead lands is acquired. The homestead law contemplates this, for, in the case of a man with a wife, it becomes necessary, in order to prove a residence, to show that the wife or family resided upon the homestead for the period during which residence was acquired.

We think there was no error committed by the court in holding the land in question to be community property, and the judgment is therefore affirmed.

Fullerton, C. J., and Mount, Anders and Hadley, JJ., concur.