[No. 9343. Department One. June 8, 1911.]

ALFRED WEBER *et al.*, *Respondents*, v. ADELBERT J. WHIDDEN *et al.*, *Appellants.*[1]

TRUSTS—JOINT PURCHASE—TITLE—IN ONE NAME—EQUITY. Where plaintiffs and defendants jointly purchased forty acres of land, the deed being taken in the name of the defendants, and plaintiffs paid for seven acres, set off and agreed upon, the defendants hold the title thereto in trust, and equity will decree a conveyance to plaintiffs; and the rule that the statute of frauds prevents specific performance of oral contracts to convey land does not apply.

SAME—MORTGAGE BY TRUSTEE—EFFECT. The fact that both parties paid but one-half the purchase price, and defendant gave back a

[1]Reported in 115 Pac. 1046.

mortgage for the balance, does not affect plaintiffs' equitable title, except as an incumbrance to be satisfied by payment of their proportion of the mortgage.

Appeal from a judgment of the superior court for King county, Webster, J., entered July 2, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*H. E. Foster*, for appellants.

*Daniel Landon*, for respondents.

PARKER, J.—The plaintiffs, claiming to be the equitable owners of a certain seven-acre tract of land in King county, brought this action to compel conveyance thereof to them from the defendants. A trial resulted in a decree in favor of the plaintiffs, from which the defendants have appealed.

The facts found by the trial court are, in substance, as follows: On about November 2, 1907, the respondents and appellants purchased from one Quartman a forty-acre tract of land in King county at an agreed price of $2,200. It was then agreed between respondents and appellants that respondents should have seven acres of the land and that appellants should have the remainder; that each should pay towards the purchase price in that proportion; that the title should be taken in the name of appellant Adelbert J. Whidden, and upon payment of the entire purchase price, which was to be paid, $1,100 cash, and $1,100 on November 2, 1909, appellants should convey to respondents the seven acres. On November 2, 1907, respondents paid to appellant Adelbert J. Whidden $192, being one-half the purchase price of the seven acres, and thereupon he paid to Quartman $1,100, the first half of the purchase price of the entire forty acres, received a deed therefor, and with his wife executed a mortgage on the land to secure the balance of $1,100 on the purchase price payable November 2, 1909, with 7%

interest, it being understood that respondents would pay their proportion thereof at the same time and then receive their conveyance from appellants. Soon thereafter the boundary lines of the seven acres respondents were to have were agreed upon by the parties, and with the knowledge and consent of appellants, respondents entered upon and took possession thereof and made improvements thereon. They also paid their proportion of the first year's interest on the $1,100 mortgage. On November 8, 1909, appellants paid the second half of the purchase price and interest evidenced by the $1,100 mortgage, which was then released by Quartman. On February 9, 1910, respondents tendered to appellants $220 to reimburse them for their payment of the portion of the mortgage and interest thereon chargeable to respondents, which sum was sufficient for that purpose. Respondents then demanded a deed for the seven acres. This tender and demand was refused, and respondents have deposited the $220 in court for the use of appellants.

The principal contention of counsel for appellants seems to be that the decree was erroneously rendered, because the evidence shows that respondents are attempting to enforce specific performance of an oral contract to sell and convey the seven-acre tract of land, and that the acts of part performance shown are not sufficient to avoid the effect of the statute of frauds. The trial court, it is apparent from the record, did not decide the cause upon the theory that there was a contract of sale between respondents and appellants, but upon the theory that appellants took title to the seven acres in trust for respondents when the land was purchased from Quartman. The main question then is one of fact touching the nature of the original agreement between the parties. A careful review of the evidence convinces us that it supports the findings of the trial court to the effect that the original purchase was for the joint use of the parties in the proportionate shares stated, and that respondents actually furnished their proportionate share of the first

payment upon the purchase price, and agreed to furnish the balance when due. This being true, it seems clear that appellant acquired the title in trust for respondents to the extent of their interest in the land as agreed upon. *Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305; *Mayer v. Jacob*, 61 Wash. 291, 112 Pac. 361; 2 Pomeroy, Equity Jurisprudence (3d ed.), 1037.

There is no question made as to the respondents being entitled to the seven acres here involved, if they are entitled to any of the forty acres. The evidence tending to show possession of and improvements made on the land by respondents seems to have been introduced for the purpose of showing the particular seven acres that respondents were entitled to. Since we agree with the trial court that this is not a question of specific performance, we need not notice the sufficiency of this evidence to show part performance of an oral contract. We are of the opinion that the circumstances under which the forty acres was originally purchased gave respondents an equitable title to the seven acres here involved, and that they are entitled to a deed therefor from appellants as decreed. The fact that appellants paid the entire sum due upon the mortgage, of course gave them a claim against respondents, and no doubt would in equity result in denial of relief to respondents until they reimbursed appellants. This claim was in a sense an incumbrance upon respondents' equitable title, but it did not destroy it. Their equitable title became fixed by the original agreement and contribution to the purchase price. The decree is affirmed.

DUNBAR, C. J., GOSE, MOUNT, and FULLERTON, JJ., concur.