[No. 22403. Department Two. September 11, 1930.]

GEORGE M. ESSIG, *Respondent,* v. M. J. KEATING, *Appellant.*[1]

*John C. Hogan* and *Lester T. Parker,* for appellant.
*O. M. Nelson,* for respondent.

FULLERTON, J.—In this action, tried before the court without a jury, the respondent, Essig, was awarded a judgment against the appellant, Keating, in the sum

[1] Reported in 291 Pac. 323.

444

of $12,500, for the alienation of his wife's affections. At the commencement of the action, the respondent caused an attachment to be levied upon the appellant's real property. No motion was made to dissolve the attachment, and in its final judgment, the court substituted the lien of the judgment on the property in lieu of the lien of the attachment.

On his appeal, the appellant first contends that the evidence does not justify the conclusion of the trial court on the principal question involved, namely, that he had alienated the affections of the respondent's wife. On this question, we do not think it necessary to review the evidence. While it is, in a large part, contradictory, there is competent evidence in the record which justifies the court's conclusion. The question was primarily for that court's determination. It heard and saw the witnesses, and, as we have often said, the trial judge is in a much better situation than are we to determine wherein the truth lies where the evidence is contradictory. It is our rule that we will not reverse the findings of fact of a trial court unless we can see that the evidence preponderates against the finding. On this question we cannot so find.

The second contention is that the judgment awarded was excessive. With this contention, we are inclined to agree. In this state, exemplary or punitive damages are not recoverable, except in particular instances where the statute expressly so provides; of which this is not one. Here, the recovery must be confined to compensatory damages, and we can but think that a much less sum than that awarded by the court will fully compensate the respondent for all the injuries he has suffered. It is true that there is no fixed standard or yardstick by which damages in actions of this sort can be measured, and, indeed, no other measure than to view the evidence impartially as a whole,

and make such an award as sound judgment dictates. There are matters shown in this record which, to our minds, tend to mitigate the damages; evidence tending to show that the respondent has not suffered the loss usually following the acts committed by the appellant. These matters we shall not detail. It is enough to say that the respondent had become addicted to practices and vices which, if continued in, must ultimately have led to a separation from his wife. In our opinion, any judgment in his favor in excess of $5,000 would be excessive.

■ The appellant complains because the lien of the attachment was continued into the judgment. The attachment was founded on subdivision 9 of § 648, of Rem. 1927 Sup. That subdivision provides that an attachment may be issued in an action for damages when the damages are for "injuries arising from the commission of a felony, or for the seduction of some female." In his complaint, and in the affidavit filed to procure the issuance of the writ of attachment, the respondent alleged that the appellant had been guilty of adulterous relations with the wife. The trial court refused to so find from the evidence, and made an express finding to the contrary. The appellant argues that the finding of itself dissolved the attachment, and that it was error on the part of the court to carry it into the judgment. But we cannot so conclude. The appellant made no attack upon the attachment prior to the entry of the judgment, contenting himself with a mere exception to the judgment after its entry. This, we think, was too late.

■ Our conclusion on the second question discussed requires a reversal of the judgment, but no new trial is required. By the express terms of the statute (Rem. Comp. Stat. §§ 1736, 1737), on appeals of this

sort, this court may direct the proper judgment to be entered.

Our order will be, therefore, that the judgment appealed from be reversed, and the cause remanded with instructions to enter a judgment in favor of the plaintiff in the action for the sum of $5,000. No other change will be made in the form of the judgment originally entered. The appellant will recover costs in this court.

MITCHELL, C. J., HOLCOMB, MAIN, and FRENCH, JJ., concur.