[No. 23458. Department Two. March 4, 1932.]

GEORGE H. WEBB, *Respondent*, v. A. L. JOHNSON *et al.,*
*Appellants.*[1]

*W. J. Daly, Jr.,* and *Harry L. Parr,* for appellant.
*Shorett, Shorett & Taylor,* for respondent.

HOLCOMB, J.—This action to establish a resulting trust in favor of respondent to a certain eighty acre tract in Jefferson county, or in lieu thereof to recover the value of the land, was tried to the court without a jury. At the conclusion of the evidence, appellant still having title to the land, the trial court found in favor of respondent and entered its decree accordingly.

While the evidence is in some respects substantially conflicting, the trial judge having accepted the version of the facts testified to by respondent and his witness and made findings accordingly, unless we can say that the evidence .preponderates against the findings we cannot disturb the findings and conclusions

[1]Reported in 8 P. (2d) 999.

of the trial court. *Essig v. Keating,* 158 Wash. 443, 291 Pac. 323.

The complaint of respondent alleges that appellant was his agent to buy this land which had, prior thereto, been acquired by Jefferson county by tax foreclosure. Appellant denied that he was the agent of respondent to buy the land, and further alleged that he was to buy the land from the county and sell it to respondent for four hundred dollars and two permits across certain tide lands controlled by respondent.

It is not necessary to set out the facts in great detail, as there are a few salient facts that fully justify the findings of the trial court. Respondent and his office manager, Champeaux, both testified that appellant agreed to act as agent for respondent in purchasing this property at the treasurer's sale. The receipt issued by the county treasurer, after the official heading, reads:

"March 29, 1930, Received from Johnson & Gunston $640 for purchase of county real estate E½SE of 33-29-2 W. $400 (And N½SW of 6-25-2 W) $240.

"(Signed) County Treasurer,
by Deputy

"E½SE 33-29-2 sold to George H. Webb, but paid for by Johnson & Gunston."

The notation on this receipt was placed there by the direction of appellant prior to the arrival of Champeaux at the place of sale. The county treasurer had no previous information that respondent was interested in this tract. He could have obtained that information only from appellant. On the arrival of Champeaux at the place of sale, he was assured by the deputy county treasurer in the presence of appellant that respondent was the purchaser. Upon that assurance, Champeaux delivered the four hundred dollar check of respondent to appellant.

At the time of the trial herein, appellant still had

the property in his name and the purchase price. The county treasurer's deed had been issued to him at his request, because appellant was dissatisfied with the terms of the permits which had been issued by respondent and asked the county treasurer to disregard the receipt and issue the deed in appellant's name, which the county treasurer did. The deed was then recorded by appellant.

Upon this evidence, notwithstanding the contradictions and explanations made by appellant, there can be no doubt that the finding of the trial court that appellant purchased the tract in question on behalf of and as agent for respondent, was amply and competently supported.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.