[No. 23722. Department Two. June 15, 1932.]

GEORGE BUCSKO, *Respondent*, v. JAMES O'FARRELL, JR., *et al., Appellants.*[1]

*H. W. Lueders,* for appellants.

*Louis J. Muscek,* for respondent.

MILLARD, J.—This is an action to establish a trust in real and personal property. The trial court found that the circumstances under which the tract of land was purchased gave plaintiff an equitable title to ten acres of that tract and entitled plaintiff to one-half of

[1]Reported in 12 P. (2d) 405.

the proceeds derived from the sale of the timber on the tract. Decree was entered accordingly. The defendants have appealed.

The only question presented by this appeal is whether the appellants acquired the title to the property in trust for respondent, as by the latter alleged.

The trial court's acceptance of the respondent's version of the facts as true is reflected by the findings, which we can not disturb, inasmuch as our examination of the record does not reveal that the evidence preponderates against the findings. The facts are summarized as follows:

A forty-acre tract of land in the county of King was sold to that county for taxes. Respondent and James O'Farrell, Jr., were possessed of the desire to jointly purchase that tract and equally share it and the proceeds derived from the sale of the timber thereon. The two men lacked, however, the funds essential to the obtaining of title to the land. That their desire might be realized, the parties orally agreed in October, 1930, as follows:

Respondent was to obtain and advance the money to be paid to King county for the land. O'Farrell was not required to, nor did he ever, invest any money in the transaction. Upon the respondent was imposed the duty under the agreement of finding some one who would pay in cash for a portion of the tract (the timber right to be reserved in the grantor) not less than the purchase price of the entire tract. If the respondent were successful in his quest, the forty-acre tract was to be purchased in the name of O'Farrell, as trustee, who was to hold title to the property for the benefit of himself and of the respondent.

To respondent's customer, from whom was obtained the money necessary to effectuate the purpose of the partners (respondent and O'Farrell), trustee O'Farrell

was obligated to execute a deed to the portion of the tract to which respondent's customer was entitled. O'Farrell was to then convey to the respondent one-half of the remainder of the tract, and each of the two partners was to share equally in the proceeds received from the sale of the timber reserved on the entire forty acres.

Shortly thereafter, respondent obtained one thousand dollars from Frank Karol under an agreement with respondent to convey one-half (twenty acres) of the tract to Karol. The amount received from Karol was slightly in excess of the purchase-price of the forty-acre tract. Respondent paid the treasurer of King county for the forty acres. Disregarding his agreement to take title as trustee, O'Farrell had the deed executed to him in his own name as "James O'Farrell, Jr." As part performance of the oral agreement with the respondent, O'Farrell and his wife conveyed to Karol (from whom the respondent obtained the money with which to purchase the forty acres) the twenty acres to which Karol was entitled under his contract with the respondent. Upon the refusal of O'Farrell to convey to him ten acres (one-half of the remainder of the tract) of the land, and to account for the proceeds received from the sale of timber from the entire tract, respondent instituted this action, the trial of which resulted as above recited.

█ If the unwritten contract were one to transfer an interest in the land to be acquired, it would be within the statute of frauds and unenforceable, unless the respondent could establish a resulting trust, growing out of the use of his money in making the purchase, or a constructive trust, based upon the fraud of the appellants in procuring the title.

If one of two partners purchases land in his own name with partnership funds for partnership pur-

poses, a trust results in favor of the partnership. *Case v. Seger,* 4 Wash. 492, 30 Pac. 646. Where parties orally agree to purchase property for their joint use, and the conveyance is taken in the name of one of the parties, a trust results in favor of one who furnishes his proportionate share of the purchase price. *Mayer v. Jacob,* 61 Wash. 291, 112 Pac. 361; *Weber v. Whidden,* 63 Wash. 472, 115 Pac. 1046.

Respondent furnished the money which was used to pay the consideration for the purchase of the forty-acre tract under an agreement with O'Farrell that the latter take title to the tract as trustee for the benefit of the parties to the agreement. O'Farrell is trustee for the respondent to the extent of ten acres of the tract and a one-half interest in the proceeds from the sale of the timber.

"Where two persons have a community of interest, there is also a community of duty between them. So if parties are interested together by mutual agreement, and a purchase is made agreeably thereto, neither party can exclude the other from what was intended for the common benefit; and any private benefit touching the common right which is secured by either party will turn him into a trustee for the benefit of both or all." 26 R. C. L., 1248.

Affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.