[No. 24359. Department One. March 17, 1933.]

BAYSIDE IRON WORKS, *Respondent*, v. THREE LAKES LUMBER COMPANY, *Appellant*.[1]

*Mulvihill & Anderson,* for appellant.
*Black & Rucker,* for respondent.

HOLCOMB, J.—In its amended complaint, respondent sued to recover $2,072.82, on a first cause of action, as the value of certain machinery and equipment, labor performed and material furnished, for converting a gasoline truck motor and steam logging donkey engine into a gasoline donkey pursuant to the directions of appellant.

[1]Reported in 19 P. (2d) 1108.

In its answer, appellant denied generally the allegations in the amended complaint as to the reasonable value of such work and material, and alleged affirmatively that the gasoline donkey engine was constructed by respondent under an agreement that the price for it was not to be in excess of $850. Appellant further alleged that such donkey engine was of the reasonable value of $850, and pleaded a tender of that sum to respondent. The affirmative matter in the answer was denied by the reply.

Upon a trial to the court without a jury, it found in favor of respondent, upon the facts, for the full amount demanded.

On appeal, appellant bases errors upon certain findings made by the trial court, and that the court erred in entering judgment for any amount in excess of one thousand dollars on the first cause of action in favor of respondent.

The evidence is in most respects utterly conflicting. While it would seem to us that the recovery was greatly in excess of what appellant expected to pay for the outfit, we are unable to say that the evidence preponderates against the findings and conclusions of the trial court. In such case, we cannot disturb its findings and conclusions. *Webb v. Johnson,* 167 Wash. 78, 8 P. (2d) 999; *Herz v. Ransom,* 168 Wash. 512, 12 P. (2d) 750.

The trial judge, after having held that there was no definite contract under the facts disclosed by the evidence, also analyzed the facts and held that the labor and material entering into the construction of the gasoline donkey were all procured at the direction of the principal owner and manager of appellant.

*Littell v. Saulsberry,* 40 Wash. 550, 82 Pac. 909, cited by appellant, was a case where there was a written offer and a written acceptance of the offer by the

parties shown, which does not fit this case. Nor does the case of *Gordon v. Gillespie,* 58 Wash. 627, 109 Pac. 109, for the reason that the trial court in that case had found that there was a contract between the parties guaranteeing and agreeing that the total cost should not exceed a certain sum, which is contrary to the case here. Cases cited from outside jurisdictions are to the same effect, and have no influence on the instant case.

Since the evidence does not preponderate against the findings of the trial court, the judgment must be affirmed.

BEALS, C. J., PARKER, MITCHELL, and MILLARD, JJ., concur.