[No. 24492. Department One. August 7, 1933.]

TACOMA HOLLYWOOD COMPANY, *Appellant*, v. ROBERT B. ROBBINS *et al., Respondents.*[1]

*Emil N. Stenberg,* for appellant.

*William R. Lee,* for respondents.

[1]Reported in 24 P. (2d) 441.

MITCHELL, J.—Under date of December 15, 1927, twenty-one acres of land in Pierce county were conveyed by warranty deed to R. B. Robbins and Doctor Christian J. Brobeck. They took possession of the property and improved it. After the improvements were made, and on or about July 7, 1928, they organized the Tacoma Hollywood Company, a corporation, each party subscribing to one-half of the capital stock of the corporation. The corporation used the land as a chicken ranch until the summer of 1929. Doctor Brobeck and his wife died in the early part of 1929, and the National Bank of Tacoma was appointed and qualified as executor of their estates. It appears that, in settling the estates, the executor brought an action against Robbins and wife, which resulted in a written compromise by which, among other things, Robbins sold to the executor all of his interest in the Tacoma Hollywood Company and released the company from any and all claims against it.

Thereafter, April, 1932, this action was commenced against Robbins and wife, not by the representative or heirs of Doctor and Mrs. Brobeck, but by the Tacoma Hollywood Company. The allegations in the complaint are that Robbins and Brobeck purchased the real property for the purpose of conducting a poultry business, and later formed the corporation for that purpose; that the corporation had been in possession of and used the property and improvements; that, in truth and in fact, title to the real property was taken in the names of Robbins and Brobeck, to be held in trust for the corporation, and that it was so held in trust and used by the corporation; and that defendants had been requested to convey to the corporation their interest in the property, which request had been refused. The prayer was that the corporation be declared to be the absolute owner of the land, and that

defendants be required to convey an undivided one-half interest in it to the corporation. The answer contained general denials. Upon the trial, the action was dismissed on motion of the defendants at the close of plaintiff's case. The plaintiff has appealed.

Appellant relies on the rule that, when by verbal agreement the purchase money for real property is paid or contracted to be paid by one person, and the conveyance is made to another, a resulting trust thereby arises in favor of the one who furnishes the purchase money and against the person to whom the conveyance runs. On behalf of appellant, such cases as *Peterson v. Hicks,* 43 Wash. 412, 86 Pac. 634; *Weber v. Whidden,* 63 Wash. 472, 115 Pac. 1046; *Webb v. Johnson,* 167 Wash. 78, 8 P. (2d) 999; and *Bucsko v. O'Farrell,* 168 Wash. 388, 12 P. (2d) 405, are cited.

That rule, however, is not applicable here, because, notwithstanding the allegations contained in the complaint, there was no proof that the land was bought for any corporation, organized or to be organized, or that there was at any time any intention, promise or agreement on the part of respondents to convey the land or their interest in it to the appellant or anyone else. The appellant corporation did not furnish to the grantees in the deed, or to either of them, by way of reimbursement or otherwise, any of the purchase price for the land. The evidence does not contain any suggestion of fraud against the appellant, or at all.

Appellant refers to the compromise settlement of the suit by the executor of the estates of Doctor and Mrs. Brobeck. That settlement, however, is unimportant in the consideration of the present case. Appellant was not a party to that action, which was a suit on promissory notes given by Robbins to Doctor Brobeck. The real property now involved was not mentioned in the pleadings in that case, and it appears

that, by the written settlement therein, these respondents sold and assigned all their interest in, and waived all claims against, the Tacoma Hollywood Company, which never had any interest whatever in the real estate.

Judgment affirmed.

MILLARD, TOLMAN, HOLCOMB, and STEINERT, JJ., concur.