[No. 25145.   Department One.   September 10, 1934.]

W. F. BOARDMAN, *as Administrator, Respondent and Cross-appellant*, v. LOUISE B. WATROUS, *Appellant.*[1]

[1]Reported in 35 P. (2d) 1106.

*Hayden, Metzger & Blair,* for appellant.

*Ballinger, Clark, Mathewson & Force,* for respondent and cross-appellant.

MITCHELL, J.—George H. Boardman and Mary A. Boardman were husband and wife, and resided in Pierce county. They had three children, Louise B. (who married one Watrous), Walter F. Boardman and Seth Boardman. George H. Boardman died intestate in May, 1924, in Pierce county, leaving surviving him his widow and their three children, each of the children being more than twenty-one years of age at that time. He and his wife owned property in Pierce county at or shortly before his death, and, as found by the trial court, upon the death of George H. Boardman, his widow took possession of the entire property, consisting of bonds, stocks and cash, and thereafter handled the same as if the property were her own.

Upon a petition filed January 5, 1932, Walter F. Boardman was, on January 16, 1932, appointed by the superior court of Pierce county as administrator of the estate of George H. Boardman. He qualified as administrator the day he was appointed.

As administrator, he commenced this action on June 17, 1932, against Louise B. Watrous. The complaint, as amended, was to the effect that George H. Boardman at the time of his death owned bonds, securities and cash, the amount of which plaintiff did not know and that the decedent was at the time of his death the owner of certain described real property in Pierce county which stood in the name of Louise B. Watrous, portions of which are still in her name; that, after the death of the decedent, Louise B. Watrous sold and conveyed certain portions of the real property, the proceeds of which (amount unknown) belonged to the estate of the decedent. It was further alleged that

Louise B. Watrous, shortly after the death of George H. Boardman, took possession of his estate and has sold and conveyed certain portions of the real property and retained the proceeds; that plaintiff as administrator made demand upon the defendant for a full and complete accounting of all the assets and proceeds of the estate of which he was the administrator, which demand was refused. The prayer of the amended complaint was for an accounting and for judgment as the court should find to be just and proper.

The defendant, by answer, denied that George H. Boardman owned any property at the time of his death, and alleged the fact to be that he gave all of his property to his wife, Mary A. Boardman, who survived him; she also denied that the decedent at the time of his death owned any real property in the name of the defendant or at all. She further alleged as an affirmative defense the death of George H. Boardman, and that he was survived by his wife and three children, viz.: The defendant and Walter F. Boardman and Seth Boardman, and that each of the children was twenty-one years of age at the time of the death of their father, and that, just before, and in contemplation of, his death, he gave all of his property to his wife. Further, it was alleged that his surviving spouse, Mary A. Boardman, died testate in Pierce county October 26, 1931, whereupon her last will and testament was proven and admitted to probate in the superior court for Pierce county, and that the estate of Mary A. Boardman was duly administered and by order of court distributed according to law and in accordance with the terms and provisions of Mrs. Boardman's will. The defendant further pled the statute of limitations and that the plaintiff was guilty of laches in the bringing of the action. Plaintiff replied, putting in issue the affirmative defenses set up in the answer.

At the trial, each of the parties introduced evidence tending to support the allegations of his pleadings. The trial court found and concluded that the real property involved was the property of the defendant, Louise B. Watrous. The court ordered an accounting as to the bonds, stocks and cash, sales and profits. An accounting was had, upon which the court entered findings and conclusions against the defendant, upon which judgment was entered in favor of the plaintiff in the sum of $6,447.38, with interest.

The defendant, Louise B. Watrous, has appealed from that portion of the judgment against her. The plaintiff, Walter F. Boardman, as administrator, has appealed because the judgment fails to hold the defendant responsible for the real property mentioned in the complaint.

We first consider the appeal of Louise B. Watrous. (We may at times speak of the appellant as defendant and the cross-appellant as plaintiff, as they appeared in the pleadings and in the proceedings in the trial court.)

George H. Boardman died, as alleged, in May, 1924, leaving his widow and three children. Upon his death, his widow took possession of the entire estate, consisting of bonds, stocks and cash, selling some from time to time and reinvesting the proceeds, leaving those involved in this appeal. She died in October, 1931, testate, willing her property to her daughter, Louise B. Watrous, except ten dollars to each of her two sons. Her will was admitted to probate, and her daughter, named in the will as executrix, was appointed as such by the court. She qualified and fully administered the estate consisting of the securities referred to that formerly belonged to George H. Boardman. No administrator of the estate of George H.

Boardman was appointed until the plaintiff was appointed on March 16, 1932.

The conclusion of the trial court was that these securities and cash, the only property administered under the will of Mary A. Boardman, were, and continued to be, the community property of George H. Boardman and his wife, or as belonging to his estate, down to the present time, and that Louise B. Watrous, the defendant, holds the same for the benefit of herself and two brothers as heirs at law of George H. Boardman and wife. Upon that theory, judgment was entered against her.

The evidence further shows that, shortly after the death of George H. Boardman, his widow, Mary A. Boardman, filed in the superior court a petition to determine the amount of inheritance tax due the state of Washington in the matter of the George H. Boardman estate. The petition was duly verified by Mrs. Boardman, and in it, upon referring to the cash and funds of the estate from which, as a matter of fact, the present property proceeds, she alleged:

"That said cash and bonds were at the time of the death of the said George H. Boardman, the community property of himself and his wife, Mary A. Boardman, who survives him; that the one-half interest of the said property belonging to the said decedent was $16,000."

A judgment was entered in that proceeding fixing the inheritance tax upon the basis of it being community property, as alleged in the petition. Upon that and other evidence in the present case, the court has found that the securities and cash in this case were the community property of George H. Boardman and wife.

As to the alleged defense of the final settlement of account and decree of distribution in the matter of

the estate of Mary A. Boardman, deceased, it is clear, we think, that that decree is not conclusive here because that probate proceeding did not represent or purport to include any property as being the community property of George H. Boardman and his wife —it involved only the probating of Mrs. Boardman's will, and the plaintiff in the present action, in a representative capacity or as an individual, and his brother, Seth Boardman, either or both, were not notified of, nor did they appear at, the hearing for the distribution of the property under the last will and testament of Mary A. Boardman.

Nor is the defense of the statute of limitations, nor the defense of laches, available here. There was no misunderstanding or hostility between Walter F. Boardman and Seth Boardman and their mother after the death of George H. Boardman about the community property. It was agreeable to all of them that she should hold and use the property, admitting, as she did, that they were beneficially interested in it, with the understanding, as one of the sons, without any objection, testified:

"Q. Did she say anything further about what he [brother] would receive or about what you would receive? A. She said the estate would be divided, that is, my father's estate would be divided in the regular way and evenly among the three children."

This mutual business accommodation and understanding between mother and sons concerning property of theirs that she was holding gave her no right to the defense of the statute of limitations, nor the defense of laches, in the absence of withdrawal of consent on their part that she continue in possession of the property, together with a demand for delivery of the property to them.

█ As to Mrs. Watrous, the residuary and chief legatee under her mother's will, the testimony clearly shows that she was quite conversant with the circumstances under which her mother held these securities, and that, after the death of her mother, she agreed with her brothers that she would, in a reasonably short time, see that they received their shares of their father's estate, according to the agreement with their mother.

The findings, conclusions and judgment against Louise B. Watrous are sustained by a clear preponderance of the evidence.

█ The cross-appeal involves certain real property consisting of four city lots, the title to which stood in the name of Louise B. Watrous at the date of her father's death. Plaintiff claimed that she held the same in trust for her father. The court decided that the property belonged to her in her own right. There is some confusion in the testimony, but it appears that, for a number of years, George H. Boardman was in bad health, during which time, and even prior to that time, Louise B. Watrous lived with her father and mother, and he was for a number of years prior to his death allowed to collect or receive the rents from the four lots of real property. She testified that she took title to the four lots from a third party six or seven years before her father died, and paid for them with stock in the Washington Building Association, a corporation, that she had owned and held since 1901 and 1907, and that no other consideration was paid for the real property. Upon this branch of the case, the trial court found:

"Referring to the four items of real property mentioned in the evidence, the court finds that they are the property of Louise B. Watrous. The conveyance to her was not from George H. Boardman. Mrs.

Watrous testified she surrendered $5,200 par value of stock for the houses and her stock certificates are found among the papers of the Washington Building Association. This would tend to corroborate her testimony.''

Other facts and circumstances occurring at the trial need not be set out in detail. Upon all of the evidence, we are satisfied that the finding of the trial court is sustained by a clear preponderance of the evidence.

Affirmed as to both appeals. Neither party will recover costs in this court.

MILLARD, BLAKE, MAIN, and STEINERT, JJ., concur.