(No. 5370. Decided May 19, 1905.)

GEORGE H. COX *et al., Respondents,* v. LUCY TOMPKINSON *et al., Appellants.*[1]

DESCENT AND DISTRIBUTION—HOMESTEAD—DEATH OF WIFE PRIOR TO ISSUANCE OF PATENT—RIGHTS OF CHILDREN. Where a married man makes a homestead entry, and, upon the death of the wife before making final proof, a patent is issued in his name, the children, as heirs of the mother, acquire a one-half interest in the land.

ADVERSE POSSESSION—BY TENANT IN COMMON—NOTICE TO COTEN-ANT—SUFFICIENCY—ESTOPPEL. The acts of a father are sufficient to imply hostility of title and to give publicity to his claim of ownership, so as to confer title to the homestead by adverse possession as against his daughter, where two years after the death of his wife in 1886, he made final proof and received a patent, and, believing himself to be the sole owner of the land, immediately thereafter dedicated streets and platted city lots, put them on the market, conveying by warranty deed, and maintained exclusive control over the property, and where the daughter stood by and saw valuable improvements made by the purchasers, and by the city in the streets, making no claim to the property, although receiving legal advice in 1891 as to her rights, until 1898, when she made deeds of her interest, but only for the purpose of clouding the title and compelling the owners to bring actions to quiet title; no verbal or written notice being necessary to start the running of the statutes against a tenant in common.

SAME—PAYMENT OF TAXES—PURCHASER AT MORTGAGE FORECLOSURE. Entry under a mortgage foreclosure sale is sufficiently adverse to start the running of the statute against one not a party to the suit, under Bal. Code, §§ 5503, 5504, conferring title by adverse possession upon the payment of taxes for seven years under claim of title made in good faith.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 23, 1904, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action to quiet title. Affirmed.

*Bronaugh & Bronaugh,* and *R. L. Edmiston,* for appellants. The father and daughter were tenants in common. *Hill*

[1] Reported in 80 Pac. 1005.

*v. Young,* 7 Wash. 33, 34 Pac. 144; *Mabie v. Whittaker,* 10 Wash. 656, 39 Pac. 172; *Bjmerland v. Eley,* 15 Wash. 101, 45 Pac. 730; *Vermont Loan & Trust Co. v. Cardin,* 19 Wash. 304, 53 Pac. 164.   Tenants in common will not be permitted to act in hostility to one another in reference to the joint estate.   *Yarwood v. Johnson,* 29 Wash. 643, 70 Pac. 123; *Turner v. Sawyer,* 150 U. S. 578, 14 Sup. Ct. 192; *Weare v. Van Meter,* 42 Iowa 128, 20 Am. Rep. 616; *Sorenson v. Davis,* 83 Iowa 405, 49 N. W. 1004; *Tanney v. Tanney,* 159 Pa. St. 277, 28 Atl. 287, 39 Am. St. 678; *Phillips v. Wilmarth,* 98 Iowa 32, 66 N. W. 1053; *Boyd v. Boyd,* 176 Ill. 40, 51 N. E. 782, 68 Am. St. 169; Bal. Code, §§ 1736-1738; *Burgert v. Caroline,* 31 Wash. 62, 71 Pac. 724, 96 Am. St. 889.   Time alone will not dissolve the relation.   *Hawk v. Senseman,* 6 Serg. & R. 20; *Yarwood v. Johnson, supra; Leake v. Hayes,* 13 Wash. 213, 43 Pac. 48, 52 Am. St. 34; *Mabie v. Whittaker, supra.*   Mortgages or conveyances by one tenant will not dissolve the relation. *Leach v. Hall,* 95 Iowa 611, 64 N. W. 790; *Burns v. Byrne,* 45 Iowa 285; *McMahill v. Torrence,* 163 Ill. 277, 45 N. E. 269; *Holley v. Hawley,* 39 Vt. 525, 94 Am. Dec. 350; *Leach v. Beattie,* 33 Vt. 195; *Culver v. Rhodes,* 87 N. Y. 348; *Forward v. Deetz,* 32 Pa. St. 69; *Breden v. McLaurin,* 98 N. C. 307, 4 S. E. 136; *Tharpe v. Holcomb,* 126 N. C. 365, 35 S. E. 608; *Hudson v. Coe,* 79 Me. 83, 8 Atl. 249, 1 Am. St. 288.   Nor will a sheriff's deed.   *McMahill v. Torrence, supra.*   The seven years' payment of taxes does not confer title unless possession is taken.   *Paullin v. Hale,* 40 Ill. 274; *Whitney v. Stevens,* 77 Ill. 585; *Travers v. Mc-Elvain,* 200 Ill. 377, 65 N. E. 623; *Harding v. Butts,* 18 Ill. 502.   Cox was not justifiably ignorant of opposing rights and his claim of title was not made in good faith.   *Robson v. Osborn,* 13 Tex. 298; *Deffeback v. Hawke,* 115 U. S. 392, 6 Sup. Ct. 95; *Litchfield v. Sewell,* 97 Iowa 247, 66 N. W. 104; *Lindt v. Uihlein,* 116 Iowa 48, 89 N. W. 214.   It was the purchaser's duty to look beyond the record.   *Sadler v.*

*Niesz,* 5 Wash. 182, 31 Pac. 630, 1030; *Bracka v. Fish,* 23 Wash. 646, 63 Pac. 561; *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268; *Mann v. Young,* 1 Wash. T. 454; *Dormitzer v. German Sav. & Loan Soc.,* 23 Wash. 132, 62 Pac. 862. The seven year statute does not apply to tenants in common. *Cooter v. Dearborn,* 115 Ill. 509, 4 N. E. 388. The following is a parallel case: *McMahill v. Torrence, supra.*

*Crow & Williams,* for respondents, contended, among other things, that an ouster may be shown by any evidence tending to show a repudiation of the right of a cotenant. 1 Am. & Eng. Ency. Law (2d ed.), 804-806; *Ricard v. Williams,* 7 Wheat. 59; *Dubois v. Campau,* 28 Mich. 304; *Oglesby v. Hollister,* 76 Cal. 136, 18 Pac. 146, 9 Am. St. 177; *Miller v. Bledsoe,* 61 Mo. 96. The respondents had color of title under claim made in good faith. 1 Am. & Eng. Ency. Law (2d ed.), 869; *Simons v. Drake,* 179 Ill. 62, 53 N. E. 574; *Lee v. O'Quin,* 103 Ga. 355, 30 S. E. 356; *Wilson v. Atkinson,* 77 Cal. 485, 20 Pac. 66, 11 Am. St. 299; *Clapp v. Bromagham,* 9 Cowen 530; *Ware v. Barlow,* 81 Ga. 1, 6 S. E. 465; *Lee v. Ogden,* 83 Ga. 325, 10 S. E. 349; *Burgett v. Taliaferro,* 118 Ill. 503, 9 N. E. 334; *McCagg v. Heacock,* 34 Ill. 476, 85 Am. Dec. 327; *Rawson v. Fox,* 65 Ill. 200; *Smith v. Ferguson,* 91 Ill. 304; *Conner v. Goodman,* 104 Ill. 365; *Street v. Collier,* 118 Ga. 470, 45 S. E. 294; *Brooks v. Bruyn,* 35 Ill. 392.

FULLERTON, J.—This is an action to quiet title to certain lots and blocks in Muzzy's addition to the city of Spokane. The facts shown by the record are, in substance, these: On November 15, 1880, one Hirman Muzzy made a homestead entry on a certain quarter section of land, situate near the city of Spokane, and, together with his family, consisting of his wife and five children, took up his residence thereon. On January 6, 1886, Mrs. Muzzy died, leaving as one of the heirs at law the appellant Lucy Tompkinson. In the early part of the year following, Muzzy made final

proofs on his homestead, and on June 2, 1887, received his final receiver's receipt therefor. Patent was issued on May 26, 1888. Immediately after receiving his final receiver's receipt, Muzzy platted a considerable portion of the property into streets, alleys, lots, and blocks, under the designation of "Muzzy's Addition to Spokane Falls;" and, after dedicating in writing to the public use forever the streets and alleys shown thereon, caused the same to be filed, as provided for by law. On August 8, 1892, Muzzy, in consideration of the sum of $5,000, then loaned him by the respondent George H. Cox, executed and delivered to Cox a mortgage on the lots and blocks in question in this action, the same being a part of the addition, so platted as above stated, to secure the repayment of the loan. Muzzy thereafter defaulted in the payments provided for in the mortgage, and the same was foreclosed, and the property sold on February 6, 1894. The respondents purchased the property at the sale, receiving a certificate of sale at that time and a sheriff's deed on February 7, 1895. Immediately after the sale the respondents entered into possession of the property, and, from that time down to the commencement of this action, have maintained such possession to the exclusion of every one else, and have paid all the taxes that were lawfully levied and assessed thereon as the same matured—a period of more than seven years.

After the death of his wife, Muzzy believed himself to be the owner in fee of the homestead property. He at once assumed sole and exclusive dominion and control over it, put such of it as he had platted into lots and blocks on the market for sale, and has sold many of the lots to persons who purchased them for residence and business purposes, giving warranty deeds to such purchasers. In short, the evidence shows that Muzzy not only claimed to be the sole owner in fee of the property, but has exercised such rights over it as one usually exercises over his own. Of the lots sold, many of them were improved by the pur-

chasers by the erection of costly and permanent buildings, and the streets shown on the plat were at once assumed by the people and city authorities of the city of Spokane to be public streets, and have been used by them ever since as such. The city also has improved the streets by grading them and constructing sidewalks thereon, and has laid, and permitted to be laid, water mains and gas pipes therein.

The appellant Lucy Tompkinson lived with her father on the homestead claim, after the death of her mother, until August, 1887, at which time she married and went to the home of her husband. Shortly thereafter she became estranged from her father, and no longer visited at his home, or permitted him to visit her. She has lived, however, ever since her marriage, either in the city of Spokane or within five miles therefrom, and knew that the homestead property was being disposed of by her father to persons who purchased on the faith of his title, and knew at all times of the improvements that were being made on the property. It was shown that, as early as 1891, she took the advice of counsel as to her interests in the property, but took no active steps to make known her claims until sometime in 1898, when she executed deeds to certain parts of the property to her co-appellants herein, which were filed and placed of record without delivery. It is conceded, however, that these deeds were not executed for the purpose of conveying such title as she claimed and possessed to the grantees named therein, but for the purpose of clouding the title, and compelling persons claiming through Muzzy to bring actions against her.

On the foregoing facts, the trial court held that the appellant Lucy Tompkinson, as heir to her mother, acquired title to an undivided one-tenth interest in the homestead property, on the issuance of the patent by the government to her father, but that she had been divested of such title by the operation of the statute of limitations, and was now estopped from asserting any interest therein. A decree was

thereupon entered quieting in the respondents the title to the property described, from which decree she and her codefendants appeal.

Under the rule announced by this court in the case of *Ahern v. Ahern,* 31 Wash. 334, 71 Pac. 1023, 96 Am. St. 912, the appellant Tompkinson undoubtedly acquired, as heir to her mother, an undivided one-tenth interest in the land in dispute, on the acquisition of the legal title thereto by her father, so that the sole question to be determined here is, has she lost that interest by failing to assert it within the statute of limitations? It seems to us there can be but little question that she has. Her counsel do not deny that one tenant in common may hold the common property adversely to another, even though the cotenants bear the relationship of father and daughter, but they contend that possession by one cotenant does not become adverse to another until that other is definitely notified by the cotenant in possession that he disputes and disavows any claim of interest made by the other; and counsel argue that the facts fail to show that any such notification was given in this case. But we think counsel make too broad a statement of the rule.

As the possession of land, held by a common title by one tenant in common, does not imply hostility, as does possession by a stranger to the title, stronger evidence is required to show an adverse holding by a tenant in common than by a stranger, but the evidence need not differ in kind. Actual verbal or written notice is not necessary to start the statute running in such a case. If there be outward acts of exclusive ownership by the tenant in possession, of such a nature as to preclude the idea of a joint ownership, brought home to the cotenant, or of so open and public a character that a reasonable man would discover it, it is sufficient. 1 Cyc. 1071, *et seq.* The facts in the case before us we think show conclusively that the possession of Hiram Muzzy of

the homestead property was at all times adverse to the appellant. He not only had and maintained exclusive control and dominion over it as long as he retained the title, but his outward acts with reference thereto were inconsistent with any other idea than that of sole ownership. We think, too, they were of sufficient publicity and notoriety to put the appellant upon notice of his claim. It would be difficult to give more publicity to one's claim of ownership and title to real property than to plat the same into lots and blocks as an addition to a city, and sell and convey such lots by deeds of warranty.

But if the general statute of limitations could not be successfully pleaded, the respondents can claim title under sections 5503 and 5504 of the code. Their entry into possession under the title acquired at the foreclosure sale was sufficiently adverse to start the statute running. *Cain v. Furlow,* 47 Ga. 674. And their possession and payment of taxes for a period of seven years conferred title on them under the sections cited. *Philadelphia Mtg. & Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac. 501.

We conclude that the respondents have title to the property in question, and are entitled to have such title quieted in themselves.

The judgment appealed from will therefore stand affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.