[No. 16160. Department One.    March 7, 1921.]

JOHN T. GOULETTE *et al., Appellants,* v. FLORA
GOULETTE, *Respondent.*[1]

FRAUDULENT CONVEYANCES (21)—INTENT TO DEFRAUD CREDITORS. A conveyance by a husband for the use of his children, pending an action for a divorce, is fraudulent as to the wife, where the purpose was to prevent her from receiving any share of the property.

DESCENT AND DISTRIBUTION (7)—VESTING OF TITLE. Upon the death of one spouse without leaving a will, one-half of the community property immediately vests in the children, who become tenants in common with the surviving parent.

TENANCY IN COMMON (2-1)—TITLE AND RIGHTS IN GENERAL. Where the surviving husband has become tenant in common with his children of community property, his conveyance can pass title only to his one-half interest.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 23, 1920, upon findings in favor of the defendant, awarding property in divorce proceedings, after a trial to the court on the merits. Reversed.

[1]Reported in 195 Pac. 1045.

*George Olson* and *Wm. R. Bell,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MACKINTOSH, J.—The appellant John T. Goulette, then a married man, arrived in Seattle in 1876, and soon thereafter acquired four lots in that city. Some time later Mrs. Goulette died, leaving surviving her the appellant and six children. She made no will and her estate was never probated. In 1905, the appellant, Goulette, married the respondent, who, in 1915, began an action of divorce against him, which action was dismissed, but since that time the parties have been living separate and apart.

Immediately after the failure of the divorce case, the appellant organized a corporation, the John T. Goulette Company, the other appellant in this action, to which he conveyed the four lots, taking in exchange therefor the entire capital stock, which he distributed among his children, giving a one-sixth portion to each. In July, 1919, the appellant instituted an action of divorce against his wife, to which she filed a cross-complaint. The court, after hearing the testimony, granted a divorce to each and awarded to the respondent one of the lots in question. Before the formal decree was signed, the respondent, learning that this lot had been conveyed to the appellant corporation, brought that corporation in as a party to the action, and the court, upon hearing the evidence, found that the conveyance in 1915 to the corporation was made for the purpose of defrauding respondent, and again awarded the lot to her, and directed the corporation to convey it. From this order, this appeal has been taken, on the ground that the appellant Goulette had no interest in the property at the time of the award.

We are in agreement with the trial court in finding that the conveyance by Goulette to the corporation had the effect of perpetrating a fraud upon the respondent and was made with the idea of preventing her receiving any share of his property in the event of a divorce, the probability of which was very great. The court, however, was in error in awarding the lot to the respondent, for the reason that it was not the property of either of the appellants. Upon the death of their mother, intestate, the Goulette children became immediately vested with the title to one-half of the property acquired by the appellant and his first wife, and no probate was necessary to pass the title. *Hill v. Young,* 7 Wash. 33, 34 Pac. 144; *Philbrick v. Andrews,* 8 Wash. 7, 35 Pac. 358; *Cox v. Tompkinson,* 39 Wash. 70, 80 Pac. 1005; *Eckert v. Schmitt,* 60 Wash. 23, 110 Pac. 635.

The appellant and his children became tenants in common, and the appellant had no right to transfer their interest. The fact that they may have allowed him to handle the property as though he were the sole owner would give him no greater right than that of a trustee acting in their behalf; and, therefore, when he attempted to organize the appellant corporation and transfer all this property to it, that conveyance only operated to transfer his undivided one-half interest and the corporation took title to only so much of the property. The trial court was not empowered to compel the corporation to transfer to the respondent more than that to which it had title.

The action of the trial court is therefore reversed in this regard, and the cause remanded for such further proceedings as may be meet and proper.

PARKER, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.