[No. 25783. Department Two. December 16, 1935.]

W. E. ROCHE FRUIT COMPANY, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

*J. P. Tonkoff* and *Sydney Livesey,* for appellant.

*L. B. daPonte, Robert S. Macfarlane,* and *Rigg, Brown & Halverson,* for respondent.

HOLCOMB, J.— Appellant is a fruit buying and shipping corporation in the Yakima valley and ships great quantities of fruit over respondent's railroad. In 1933, among the cars so shipped to eastern markets were five cars of Bing and Lambert cherries and one car of Bartlett pears.

The cherries were packed and prepared for market in appellant's warehouse in Yakima under the supervision of a state and Federal horticultural inspector,

'Reported in 52 P. (2d) 325.

and a Federal certificate of inspection was issued on each of the cars showing the fruit to be what is known as U. S. No. 1, which is the best possible grade of fruit obtainable as to quality and condition, and a bill of lading was issued on each of the cars by respondent.

The pear shipment was loaded by appellant in a refrigerator car furnished by respondent and a bill of lading issued therefor and was inspected by W. E. Roche, who is president of appellant, and a written report of inspection was made showing the pears to be in excellent condition.

The fruit arrived at various destinations on the eastern market in a. decayed condition. Appellant filed claims of loss with respondent, which claims were rejected, and two suits, one containing two causes of action and the other containing four causes of action, were commenced for damages. By stipulation of counsel for both parties, the two cases were consolidated for trial and were tried to the court and a jury.

In its complaints, appellant alleged no acts of negligence on the part of respondent, but rested its right to recover upon the allegation that the fruit was delivered to respondent at the shipping point in a good condition and arrived at points of destination in bad condition.

Respondent answered denying delivery to it in good condition, denying delivery at points of destination in bad condition, and affirmatively alleged that all of the shipments were delivered in standard equipment; that all instructions given relative to the shipments were fully and completely complied with, and that the shipments were handled with all expedition to their respective destinations without negligence of any kind, character or description; and that, if the shipments arrived in a damaged condition, the condition on arrival was caused by the inherent nature of the ship-

ment and not by any negligence on the part of respondent.

In its reply, appellant denied that the damaged, unmerchantable and unmarketable condition of the cherries was caused by the inherent nature thereof and denied that respondent was not negligent.

The case was tried to the court and a jury. The jury found for respondent on all causes of action, upon which judgment was entered and this appeal results.

There was some conflict in the testimony as to the condition of the fruit when loaded, which conflict was resolved by the jury in favor of respondent on all causes of action. This is rather impressive, inasmuch as the action is one between a shipper and a carrier.

Appellant makes two assignments of error on its appeal: (1) That the court erred in not permitting appellant to show that the refrigerator cars furnished by respondent were inadequate and insufficient to refrigerate the fruit; and (2), that the verdict of the jury is contrary to the weight of evidence.

As to the first assignment, during the trial, after respondent had closed its case, in which it introduced expert testimony as to the cause of gray mold rot in cherries, the testimony of witnesses as to the condition of the fruit on arrival at the respective destinations, evidence tending to show the temperature and commodity temperatures upon arrival at destination and that each car was in good condition upon arrival, appellant then sought to introduce by the testimony of a witness, purely as rebuttal, that he shipped a great deal of soft fruit in 1932 and 1933, and that practically all of his cherries arrived in a very good condition in eastern markets; that, in 1933, the carriers would accept a load of 26,000 pounds per car at $3.25 per hundred pounds, netting the carrier

$79 more freight on the 26,000 pound load than on the 20,000 pound load; that, when they increased the load to 26,000 pounds, an increase of over forty per cent, such car was inadequate to carry that load; and further, that the freight cars, which were nine days in transit with a tenth day morning delivery, were more heavily insulated, having larger bunker capacity, being on the road 225 per cent longer than the cherry shipments in the latter equipment were delivered in New York and other eastern markets and made a better price for the cherries than those that went by express.

The offer of proof was objected to by respondent as not proper rebuttal. The court then stated that the only evidence before it was that the equipment was the usual equipment; that a defective car means a car that is, in and of itself, defective; that appellant had insisted that it was not necessary for it to specify specific acts of negligence, but was entitled to rely on the presumption that, having shown a good load delivered to the carrier and a bad load delivered by the carrier, the presumption was that it caused the damage. The court then ruled that appellant was not entitled to go back and make a case on the question of inadequacy of equipment. Appellant then offered to show that, prior to 1933, the minimum loads and equipment being what they were, the increase during 1934 of the capacity load of a refrigerator car was not the usual equipment. This offer was also objected to by respondent and the objection sustained by the trial court, chiefly upon the ground that it was not proper rebuttal.

We agree with the trial court that it was certainly a matter for the case in chief of appellant.

Rebuttal evidence, generally speaking, is receivable only where new matter has been developed by the

evidence of one of the parties and is ordinarily limited to a reply to new points. 64 C. J. 153; 5 Jones on Evidence, 57; 26 R. C. L. 1041.

This court has always adhered to that rule and that it is usually a matter of discretion of the trial court. *Brown v. Jamison,* 102 Wash. 124, 172 Pac. 853; *Sound Timber Co. v. Danaher Lumber Co.,* 112 Wash. 314, 192 Pac. 941; *Finn v. Bremerton,* 118 Wash. 381, 203 Pac. 971; *Seattle v. Pacific States Lumber Co.,* 166 Wash. 517, 7 P. (2d) 967.

The evidence being what it was, there was certainly no abuse of discretion by the trial court.

■ Upon the second assignment of error, as to the weight of the evidence, respondent's counsel, through cross-examination of the fruit inspector, proved that the fruit was not all thoroughly examined, and from Roche, principal witness for appellant, elicited that Roche himself overloaded the cars beyond their refrigerator capacity, if such were true, and that the fruit was not delivered in good condition to the carrier, and, from others of its witnesses, testimony that the fruit reached the respective destinations in but little worse condition than when delivered.

The jury, as was their right, resolved the testimony in favor of respondent and found that the fruit in all of the shipments arrived at destinations in about as good condition as when shipped and that any damage done to it was because of its own inherent nature.

It is well settled in law that, even as to perishables, the carrier is not an insurer and relieves itself of liability by showing that it used reasonable care and diligence, considering the nature of the shipment. That principle was pronounced in *Chesapeake & O. R. Co. v. W. C. Crenshaw & Co.,* 148 Va. 48, 138 S. E. 467; *New England Fruit & Produce Co. v. Hines,* 97 Conn. 225, 116 Atl. 243; *Cassone v. New York, N. H. & H. R.*

*Co.,* 100 Conn. 262, 123 Atl. 280; *Daniels v. Northern Pacific R. Co.,* 88 Ore. 421, 171 Pac. 1178; *McDaniel v. Atlantic Coast Line R.,* 190 N. C. 474, 130 S. E. 208, and *Missouri Pac. R. Co. v. Fine,* 183 Ark. 13, 34 S. W. (2d) 755.

The cases from this and other courts to the contrary are where there were issues and proof of inadequate equipment or of negligence, which is sometimes shown directly and sometimes circumstantially.

The only exceptions taken to the instructions by the court were taken by respondent. Appellant took no exceptions to the instructions and must have considered the charge of the court as being as favorable to it as it deserved. The jury having found against appellant upon the facts as to the condition of the fruit when loaded and when delivered, we must consider that as final.

The judgment is therefore affirmed.

TOLMAN, MAIN, BEALS, and BLAKE, JJ., concur.