[No. 26386.   Department One.   January 6, 1937.]

MOZELLA E. DAVIES, *Appellant*, v. METROPOLITAN LIFE INSURANCE COMPANY *et al., Respondents.*[1]

*Josiah Thomas* and *Clarence L. Gere,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondents.

BLAKE, J.—Plaintiff brought this action to establish title in herself to an undivided one-half interest in the south half of section 32, township 22 N. R. 44 E. W. M., in Spokane county.   Demurrers to the amended complaint having been sustained, judgment of dismissal was entered, from which plaintiff appeals.

[1]Reported in 63 P. (2d) 529.

Although set up in one cause of action, the facts upon which appellant predicates her claim present different theories as to the respective quarter sections. We shall, therefore, discuss separately the sufficiency of the facts to state a cause of action as to each quarter.

Appellant is the granddaughter of Mozella E. Davies, who died in June, 1887. With respect to the southeast quarter of the section, the ultimate question to be answered is whether or not this quarter was at that time the community property of Mozella E. Davies and her husband, Lewis Davies. If it appears from the facts alleged in the complaint that it was community property, the demurrer should have been overruled. If it appears from the facts alleged that it was not community property, the demurrer was properly sustained.

■ The essential facts upon which the question must be answered are as follows: The quarter was entered as a homestead in September, 1879, by Isaac B. Justice. In April, 1882, the Davies, with community funds, purchased his relinquishment. Mr. and Mrs. Davies continuously resided on and cultivated the property until the latter's death. Thereafter, Mr. Davies, having continued to reside on the land, made final proof and received a patent from the United States.

Mrs. Davies' estate was never probated. It is alleged in the complaint, however, that Mr. Davies "recognized that his son, Clyde Davies (appellant's father), was entitled to his mother's interest in said property." Appellant's contention is that, since Mr. and Mrs. Davies had complied with the homestead laws of the United States, and were entitled, prior to the latter's death, to patent upon making final proof, the property was community property; that the title

obtained by Mr. Davies upon the issuance of patent related back to the time that final proof could have been made.

This contention was made in the case of *Bolton v. La Camas Water Power Co.*, 10 Wash. 246, 38 Pac. 1043, under an almost identical state of facts. The court there held that the homestead was the separate property of the surviving spouse to whom patent was issued. This case was, however, for a long time of doubtful authority, for possibly two reasons: (a) It was handed down by a divided court; (b) subsequently, in two cases (*Ahern v. Ahern*, 31 Wash. 334, 71 Pac. 1023, 96 Am. St. 912; *Cox v. Tompkinson*, 39 Wash. 70, 80 Pac. 1005), the court held homesteads to be community property under states of facts very similar to those with which we are here confronted.

But in *Cunningham v. Krutz*, 41 Wash. 190, 83 Pac. 109, 7 L. R. A. (N. S.) 967, this court again held that a homestead was the separate property of the surviving husband, to whom patent issued. This decision was based primarily upon the decision of the United States supreme court in *McCune v. Essig*, 199 U. S. 382, 26 S. Ct. 78. That case originated in the superior court of Lincoln county, and was removed to the circuit court for the district of Washington, eastern division. The circuit court held that a patent issued to the widow of a homestead settler upon her making final proof in accordance with the provision of the homestead law, conveys the land to her absolutely, and no interest therein passes by inheritance to the children of her husband. *McCune v. Essig*, 118 Fed. 273. The circuit court of appeals affirmed the holding. *McCune v. Essig*, 122 Fed. 588. The supreme court affirmed, holding that the widow of the entryman is first entitled to complete the entry and obtain a patent, and a state law is not competent to

change this provision and give the children of the en-
tryman an interest paramount to that of the widow.
With respect to the doctrine of relation, the court, at
page 390, said:

"It is admitted 'that the title to the real estate in
the case at bar passed and vested according to the
laws of the United States by patent.' But, it is con-
tended, that a beneficial interest having been created
by the state law in McCune when the title passed out
of the United States by the patent, it 'instantly
dropped back in time to the inception or initiation of
the equitable right of William McCune, and that the
laws of the State intercepted and prevented the widow
from having a complete title without first complying
with the probate laws of the State.' This, however,
is but another way of asserting the law of the State
against the law of the United States, and imposing a
limitation upon the title of the widow which section
2291 of the Revised Statutes does not impose. It may
be that appellant's contention has support in, some
expressions in the state decisions. If, however, they
may be construed as going to the extent contended
for, we are unable to accept them as controlling."

Accepting this decision of the supreme court in its
full import, this court, in *Cunningham v. Krutz, supra,*
said:

"The above decision is final and conclusive that
the question as to what title passed to Carlson must
be resolved by the laws of the United States. With-
out regard to the community laws of this state, it
follows from the decision that, when one makes a
homestead entry and dies before completing the full
residence period necessary under the homestead law,
and leaving a widow who completes the period of resi-
dence, makes proof, and procures a patent, the land
becomes the absolute separate property of such widow.
In so far as our own previous decisions may be in
conflict with the above, when applied to a similar
state of facts, they must now be treated as overruled."

If, after this holding, there remained any doubt as to the status of a homestead to which patent was issued to a surviving spouse after the death of the other, it was dispelled in the case of *Teynor v. Heible,* 74 Wash. 222, 133 Pac. 1, 46 L. R. A. (N. S.) 1033. In that case, the court assembled the previous decisions, and, recognizing the inconsistencies pervading them, said:

"It is the opinion of the court now that the property in each of these groups, if nothing more appeared in the record than is shown in the opinion, should have been held to be the separate property of the entryman. In other words, the rule should be that in all cases where the marital relation does not exist at the time of the original settlement and entry, and continue until final proof is made, the property should be held to be the separate property of the spouse who finally acquires the patent to the land."

It is apparent from the opinion that the court, after great deliberation, arrived at the rule so stated. It has been too long established as a rule of property to now depart from it. Measured by it, the facts set out in the complaint fix the status of the southeast quarter as the separate property of Lewis Davies. The appellant, as heir or descendant of Mozella E. Davies, can establish no interest in it.

■ Appellant seeks to establish an interest in the southwest quarter on the theory of a resulting trust. The material facts upon which the theory is based are as follows: That Lewis Davies in 1900 received the sum of $440.89 in trust for Clyde Davies; that, with this and other money, Lewis Davies purchased and took title in his own name to the southwest quarter in 1909; that he has since held in trust for Clyde Davies an undivided one-half interest in that quarter section; that Lewis Davies constantly recognized and admitted that he held such one-half interest in trust

for Clyde Davies; that Clyde Davies died intestate in March, 1921, leaving appellant as his sole heir; that, at the time of his death, appellant was ten years of age; that the fact that her father had an interest in the property was fraudulently concealed from her, and that she had no knowledge of her father's interest in the property° until December 21, 1934; that the facts relative to the rights of Clyde Davies and appellant in the property were well known to respondents.

These facts, we think, were sufficient to take the complaint by demurrer on the theory that a resulting trust arose in favor of Clyde Davies when Lewis Davies took title to the southwest quarter. *Bucsko v. O'Farrell,* 168 Wash. 388, 12 P. (2d) 405.

Indeed, we do not understand respondents to seriously contend that the facts alleged do not comprise the elements of a resulting trust. The burden of their argument on this phase of the complaint seems to be two-fold: (1) That it is highly improbable that respondents could have had any knowledge of such a trust; (2) that appellant's rights are barred by the statute of limitations. The former contention raises a question of proof, not of pleading.

■ On the face of the complaint, the bar of the statute of limitations is not apparent. For, according to the allegations of the complaint, Lewis Davies recognized and admitted the trust throughout the life of Clyde Davies. "Until the trustee's attitude changes from acknowledgment to repudiation, limitations do not run, and diligence is not required." *White v. Mayo,* 31 N. M. 366, 246 Pac. 910; *Boardman v. Watrous,* 178 Wash. 690, 35 P. (2d) 1106. According to the allegations of the complaint, the statute, therefore, never commenced to run during the life of Clyde Davies. It is conceded that the controlling

statute is that of ten year limitation. Appellant brought this action within four months after she learned of her rights. She was then twenty-four years of age. Under the allegations of her complaint, her action is barred neither by the statute of limitations nor by laches.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MILLARD, C. J. STEINERT, MAIN, and HOLCOMB, JJ., concur.