[No. 25889. Department One. May 7, 1937.]

METROPOLITAN LIFE INSURANCE COMPANY, *Respondent,*
v. LEWIS DAVIES *et al., Defendants,* MOZELLA
E. DAVIES, *Appellant.*[1]

*Josiah Thomas* and *Clarence L. Gere* (*A. J. Menny,*
of counsel), for appellant.

*Hamblen, Gilbert & Brooke,* for respondent.

*R. L. Edmiston,* for defendants.

GERAGHTY, J.—The plaintiff, Metropolitan Life Insurance Company, brought this action to foreclose a mortgage on the south half of section 32, township 22 north, range 44, E. W. M., in Spokane county. The mortgage, given to secure a loan of fifteen thousand dollars, was executed by Lewis Davies as a married man dealing with his sole and separate property.

[1]Reported in 67 P. (2d) 867.

Having obtained leave of court, Mozella E. Davies, a granddaughter of Lewis Davies and Mozella Davies, deceased, filed a complaint in intervention, claiming a right to an undivided one-half interest in the southeast quarter of section 32 and praying that title be quieted and established in her.

In support of her claim, appellant alleged that Lewis Davies filed homestead entry on the southeast quarter of section 32 on January 30, 1885, and that Government patent therefor was issued to him February 23, 1892; that, when the homestead entry was made by Lewis Davies, his wife, Mozella Davies, was living; that Mozella Davies died June 9, 1887, and before the issue of patent, and that, therefore, the land was community property of Lewis and Mozella Davies; that, at her death, Mozella Davies was survived by her husband and a son, Clyde Davies, three years of age, and that a one-half interest in the land vested in the son; that Clyde Davies died in March, 1921, leaving the intervener as his sole heir.

A demurrer was interposed and sustained to the complaint in intervention. Thereafter, an amended complaint in intervention, with substantially the same allegations, was filed, to which a demurrer was sustained. A second amended complaint was filed by the intervener embodying, with slight variations, the allegations of the complaint and the amended complaint with respect to the southeast quarter, and claiming an interest in the southwest quarter of section 32 on the theory of a resulting trust.

The material allegations in her complaint with respect to the southwest quarter were that Lewis Davies, in 1900, received the sum of $440.89 from Clyde Davies, her father; that, with this and other money, Lewis Davies purchased and took title in his own name to the quarter and that he held in trust for Clyde

Davies an undivided one-half interest therein, which he constantly recognized and admitted; that, on the death of Clyde Davies intestate, appellant as his sole heir succeeded to his interest; that, at the time of her father's death, appellant was ten years of age; that the fact of her father's interest in the land was fraudulently concealed from her and she had no knowledge of it until December 21, 1934, and that the facts relative to the rights of Clyde Davies and herself in the property were well known to the respondent.

The plaintiff filed a motion to strike the second amended complaint in intervention, upon the ground that it stated substantially the same facts as set forth in the original complaint in intervention and was an attempt to avoid the ruling upon the demurrer to that complaint, and for the further reason that leave of court had not been secured. The motion to strike was treated as a demurrer and sustained and the decree of foreclosure embodied a. provision dismissing the intervener's action with prejudice. From this decree, the intervener appeals.

Subsequent to her intervention in the foreclosure action, the appellant instituted an independent action against respondent and others to establish her title to the land in controversy. This action gave rise to the appeal involved in *Davies v. Metropolitan Life Ins. Co.*, 189 Wash. 138, 63 P. (2d) 529.

The record contains no order of the court in reference to the second amended complaint other than the provision in the decree. The second amended complaint in intervention set up a claim to the southwest quarter of section 32, a new matter not contained in the prior pleadings.

The intervener's claim to an interest in the southeast quarter is disposed of adversely to her contention by *Davies v. Metropolitan Life Ins. Co., supra.* But

her whole complaint was subject to demurrer as an attempt to litigate a paramount title in a foreclosure action.

"It has been repeatedly held by this court that the only proper parties to a foreclosure action are the mortgagor, the mortgagee, and those who have acquired any interest from either of them subsequently to the mortgage. *California Safe Deposit & Trust Co. v. Cheney Elec. Light, Tel. & P. Co.*, 12 Wash. 138, 40 Pac. 732; *Murdoch v. Leonard*, 15 Wash. 142, 45 Pac. 751; *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064; *Oates v. Shuey*, 25 Wash. 597, 66 Pac. 58." *Seattle Trust Co. v. Cameron*, 100 Wash. 92, 170 Pac. 379.

■ Apparently conceding this, the relief sought by appellant is a modification of the judgment from one of dismissal with prejudice to one of simple dismissal.

A judgment of simple dismissal should have been entered. While appellant was served with a copy of respondent's proposed findings and decree in advance of their entry, these were only proposals, and the appellant's failure to object to their entry cannot be construed as a consent. Within a few days after entry of the decree, when apprised of its contents, she made application to the court for a correction, which was denied.

The cause is remanded, with direction that the judgment be modified in accordance with this opinion, and that, as so modified, it be affirmed.

STEINERT, C. J., MAIN, and BLAKE, JJ., concur.

MILLARD, J. (dissenting)—My examination of the complete record in this case convinces me that the appeal should be dismissed.