[No. 27401.   Department One.   April 5, 1939.]

MOZELLA E. DAVIES, *Appellant*, v. METROPOLITAN LIFE
INSURANCE COMPANY *et al., Respondents.*[1]

*Josiah Thomas* and *Clarence L. Gere,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondent Metro-
politan Life Insurance Company.

[1]Reported in 88 P. (2d) 829.

JEFFERS, J.—This is an action instituted by Mozella E. Davies against Metropolitan Life Insurance Company, Bank of Fairfield, Bank of Rosalia, John Hancock Mutual Life Insurance Company, Docia Davies, individually and as administratrix of the estate of Lewis Davies, deceased, John Hartmeier and wife, in which she seeks to establish her right to an undivided one-half interest in the south half of section 32, township 22 N. R. 44 E. W. M., in Spokane county, Washington. After trial to the court, a judgment was entered dismissing the action. Motion for new trial was made and denied, and this appeal followed.

This case was before this court, and the pleadings construed, in *Davies v. Metropolitan Life Ins. Co.*, 189 Wash. 138, 63 P. (2d) 529, and therein we held that appellant, as heir or descendant of her grandmother, Mozella E. Davies, deceased, could establish no interest in the southeast quarter of section 32, township 22 N. R. 44 E. W. M.; and as to the southwest quarter, we held that the complaint stated facts sufficient to show a resulting trust in Lewis Davies for Clyde Davies, father of appellant, to an undivided one-half interest in this quarter section; that Clyde Davies died intestate in 1921, leaving appellant as his sole heir; and we therefore held that the demurrer should have been overruled as to the southwest quarter and the cause was remanded for further proceedings not inconsistent with the views expressed in the opinion.

After the case was remanded, and before the trial in which the judgment here on appeal was entered, appellant set up in her reply that she was entitled to an interest in the southeast quarter by virtue of a deed from Docia Davies, dated November 12, 1936, and that Docia Davies had an interest in the southeast quarter because of the fact that this property was a homestead, so created by her husband,

Lewis Davies, and that he had no right to give a mortgage on this property without her signature. It was also set out in the reply that Lewis Davies was mentally incompetent at the time he executed the mortgage to the Metropolitan Life Insurance Company, which mortgage was subsequently foreclosed.

We are of the opinion that, by the decision in *Davies v. Metropolitan Life Ins. Co., supra,* appellant is foreclosed from making any claim to the southeast quarter of section 32 as the heir or descendant of her grandmother, Mozella E. Davies; and that, by our decision in the case of *Davies v. Metropolitan Life Ins. Co.,* 191 Wash. 459, 71 P. (2d) 552, she is also foreclosed from making any claim to this quarter section based upon the deed from Docia Davies, or based upon any claimed homestead right of Docia Davies in this property. It follows that appellant, having no interest in the southeast quarter of section 32, could not raise the question of the mental incompetency of Lewis Davies at the time he executed the mortgage to the Metropolitan Insurance Company.

This leaves only appellant's claim to the southwest quarter of section 32. In her amended complaint, appellant seeks to establish an interest in the southwest quarter on the theory of a resulting trust, and therein alleges that Lewis Davies, in 1900, received the sum of $440.89, in trust for Clyde Davies; that, with this and other money, Lewis Davies, in 1909, purchased and took title, in his own name, to the southwest quarter of section 32, and that he has since held in trust for Clyde Davies an undivided one-half interest in the southwest quarter; that Lewis Davies recognized and admitted that he held such interest in trust for Clyde Davies; that Clyde Davies died intestate in March, 1921, leaving as his sole heir his daughter, this appellant; that, at the time of her

father's death, appellant was ten years of age; that knowledge of the fact that her father had an interest in this property was fraudulently concealed from her, and that, prior to December 21, 1934, appellant had no knowledge of her father's interest in the property; that appellant did not know, prior to December 21, 1934, that respondents claimed any interest in the property adverse to her interest, or that Lewis Davies, her grandfather, had attempted to alienate the interest of appellant.

Of the defendants named, only Docia Davies, Metropolitan Life Insurance Company, and John Hartmeier and wife, appeared and answered the complaint. The Bank of Fairfield, Bank of Rosalia, and John Hancock Mutual Life Insurance Company were dismissed from the action. It is apparent that Metropolitan Life Insurance Company was the real party claiming title to the property adverse to appellant, under and by virtue of a decree of foreclosure, which decree was before this court in *Metropolitan Life Ins. Co. v. Davies,* 190 Wash. 329, 67 P. (2d) 867.

By way of a first affirmative defense, respondent Metropolitan Life Insurance Company alleges that, on May 1, 1929, Lewis Davies, dealing with his sole and separate property, executed to respondent a mortgage on the south half of section 32, to secure the payment of a promissory note in the sum of fifteen thousand dollars; that, at the time of the execution of the mortgage, there was nothing of record to indicate that appellant, Mozella E. Davies, or her father, Clyde Davies, had or claimed any right, title, or interest in this property, and that respondent at no time prior to the institution of this action had any notice or knowledge that either appellant or her father claimed any interest in the property; that, in April, 1934, respondent instituted proceedings to foreclose its mortgage, and there-

after, April 19, 1935, a decree of foreclosure was entered, directing the sale of the south half of section 32, and pursuant to the sale, the premises were sold to respondent on June 22, 1935, which sale was subsequently confirmed.

It is also alleged, by way of a second affirmative defense, that Lewis Davies paid to Benjamin Kienholz, in cash, from his own separate funds, the sum of $7,900, for the southwest quarter of section 32, and that Clyde Davies, since deceased, contributed no part of the purchase money, either directly or indirectly.

Appellant, in her reply, set out that the south half of section 32 constituted a vested homestead in Lewis Davies, his minor children, and his wife, Docia Davies, and that it could not be alienated or encumbered without the joinder of Docia Davies and appellant, Mozella E. Davies; that appellant, since the institution of this suit, has received a deed conveying to her an undivided one-half interest in the south half of section 32 (this being the deed from Docia Davies, executed November 12, 1936); that, at the time Lewis Davies executed the note and mortgage to respondent, he was mentally incompetent and unable to transact business, which condition was known to respondent, and that the note and mortgage were void.

In order that there be no misunderstanding, we now hold that, by our decision in *Davies v. Metropolitan Life Ins. Co.*, 191 Wash. 459, 71 P. (2d) 552, appellant is also foreclosed from claiming any right to the southwest quarter of section 32, based upon the purported deed from Docia Davies, or any claimed homestead right of Docia Davies, it being determined in the case cited that Docia Davies had no interest in this property.

We are satisfied the plea in abatement was properly denied. The plea is based upon an appeal to the su-

preme court of the United States by Docia B. Davies. Appellant is not a party to that appeal; neither do we believe the southwest quarter of section 32 is involved.

We are of the opinion that appellant's testimony falls far short of establishing a resulting trust. We have examined carefully the testimony of appellant's witnesses, and find therein nothing of a convincing nature relative to such a trust, except in the testimony of Docia Davies, wherein she stated that Lewis Davies always recognized Clyde's interest. She afterwards stated that Lewis at no time recognized any interest of Clyde in the southwest quarter of section 32, and further stated that the southwest quarter was bought with her money and Lewis' money; that the money Clyde inherited was invested in railroad land.

It also appears from the sworn application of Lewis Davies, made for the purpose of securing a loan from the Metropolitan Life Insurance Company, that he claimed this property as his sole and separate property. It also appears that, in several suits filed by Docia Davies, she recognized no interest of Clyde Davies in this property. There were some general statements made by witnesses, to the effect that Lewis and Clyde were farming together, but there was nothing said to indicate that Lewis recognized any interest in Clyde in this property.

"As a general rule the law will not presume a resulting trust except in a case of necessity, and the burden of establishing such a trust, as against the holder of the legal title, is on the party who asserts it."   65 C. J. 435, § 195.

The testimony is undisputed that the Metropolitan Life Insurance Company had no notice or knowledge of any claim of Clyde Davies or this appellant at the time the mortgage was executed, or, in fact, until

after the commencement of the foreclosure proceedings.

"It has never been held that an equitable title, of which a purchaser had no notice, would be allowed to prevail over a valid legal title purchased by him." *Sengfelder v. Hill,* 21 Wash. 371, 58 Pac. 250.

See *Bernard v. Benson,* 58 Wash. 191, 108 Pac. 439, 137 Am. St. 1051; *Lewis v. Kujawa,* 158 Wash. 607, 291 Pac. 1105.

We are also convinced that the testimony herein is almost conclusive that Lewis Davies was mentally competent when he executed the mortgage to respondent insurance company, in 1929. We have the positive testimony of John H. Peters, William Wernz, John Hartmeier, and W. D. Walker, all of whom were transacting business with Lewis Davies, that he was a good business man and looked after his own affairs, and that they did not notice any change in his mental condition until about 1933 or 1934. Mr. Edmiston, an attorney, testified that he did not meet Lewis Davies until 1934, and that he was competent to transact business at that time. We think this testimony is much more convincing than the testimony of witnesses Carl Glorfield, Charles V. Goff, Betty Lew Davies, and W. W. Goff, who testified for appellant as to Lewis Davies' actions, as bearing on his mental condition.

Appellant claims the court erred in refusing to allow Doctor Lein the right to refresh his memory from the sworn doctor's certificate in the insanity proceeding, cause No. 29080, Spokane county. The certificate referred to was made in 1935, and was, in our opinion, too remote to show the mental condition of Lewis Davies in 1929, at the time he executed the mortgage in question. *Roberts v. Pacific Tel. & Tel. Co.,* 93 Wash. 274, 160 Pac. 965. But in any event, appellant could in no way have been prejudiced, be-

cause thereafter the court admitted in evidence, over the objection of respondents, the findings and commitment in the insanity proceeding.

It is also claimed the court erred in admitting the pleadings in other causes of actions, introduced to impeach the testimony of Docia Davies. The various pleadings introduced tended to show that at no time did Docia Davies recognize any interest in Mozella Davies in the property in question, while in the present action she testified that she had recognized that Mozella Davies had an interest in the property. We think the pleadings were properly admitted. *Blaine v. Darwin,* 160 Wash. 327, 295 Pac. 131.

The cases of *Goulette v. Goulette,* 114 Wash. 689, 195 Pac. 1045; *Scott v. Stanley,* 149 Wash. 29, 270 Pac. 110; and other cases cited by appellant on the question of inheritance, are not applicable, for the reason that, in those cases, the property involved was community property, while in the case before us it has been decided that the property was the sole and separate property of Lewis Davies.

We think that no good purpose would be served by a discussion of the other authorities cited by appellant in support of her other assignments of error, inasmuch as our examination of the cases convinces us that, on the facts, they are inapplicable to the case before us.

Finding no error in the record, the judgment is affirmed.

BLAKE, C. J., MAIN, STEINERT, and ROBINSON, JJ., concur.