[No. 34-40229-1. Division One. November 18, 1969.]
Panel 1

EUGENE H. COLEMAN, *Appellant,* v. AVIS DENNIS, *Respondent.*

*Casey & Pruzan* and *Martin Godsil,* for appellant.

*Jack Steinberg,* for respondent.

FARRIS, J.—In 1965, after 15 years of marriage, Candace O. Coleman was granted a divorce from Eugene H. Cole-

man on the ground of cruelty. Thereafter, Eugene Coleman brought an action against Avis Dennis, defendant-respondent, for alienation of affections and criminal conversation.

At the trial, the plaintiff admitted, without objection from his counsel, that some 25 to 30 years prior to the trial he had committed adultery. The defendant thereafter offered testimony to prove the extent of plaintiff's adulterous conduct, and plaintiff indicated his intent to offer testimony to prove his good character. The court upon motion of plaintiff excluded all such testimony and struck the prior admission of adultery on the ground of remoteness. The court also refused to instruct the jury, as requested by defendant that the divorce court finding of cruelty was res judicata in the present case. After a trial of 5 days, the jury returned a verdict for plaintiff in the amount of $5,000 for alienation of affections and criminal conversation. Defendant made timely motion for a new trial which was granted on the sole and specific ground that the testimony regarding plaintiff's adulterous conduct was admissible as a matter of law.

Plaintiff gave notice of appeal 28 days after entry of the order granting a new trial. The defendant made timely motion to dismiss the appeal for failure of the plaintiff to give notice of appeal within 15 days as required by Rule on Appeal 33.

We will first consider the motion to dismiss the appeal. Rule on Appeal 33 (1) (b), RCW vol. 0,[1] provides as follows:

Notice of appeal and cross-appeal in civil causes.
(1) Notice of appeal shall be given from an appealable order, judgment, or decree in a civil action in the following manner:

. . .

(b) *From orders other than final orders.* By filing with the clerk of the superior court written notice of appeal within fifteen days after the entry of any order other than a final order from which an appeal is allowed, if

[1] Under the new rules 30 days are available to appeal from any order. See CAROA 33.

such order is made at the time of the hearing; and in all other cases within fifteen days after the service of a copy of the order, with written notice of the entry thereof, upon the party appealing or his attorney.

Counsel for the plaintiff-appellant was given a copy of a proposed order on motion for new trial at the time it was submitted to the court. The court refused to enter the order and took the matter under advisement. Subsequently, on December 28, 1967, the trial judge sent each counsel a copy of his memorandum decision granting motion for new trial. Defendant did not serve plaintiff or his counsel with a copy of the order granting a new trial. The order was entered in the absence of counsel. Neither the plaintiff nor his counsel waived notice of presentation of the order.

Failure to serve the order or notice of its entry is fatal to defendant's motion to dismiss the appeal. *State ex rel. Buchanan & Co. v. Washington Pub. Serv. Comm'n*, 39 Wn.2d 706, 709, 237 P.2d 1024 (1951).

The primary issue is whether the new trial was properly granted. Defendant discusses two grounds in support of his motion for new trial in this appeal: (1) That evidence of plaintiff's previous adultery was admissible as a matter of law. (2) That the divorce court finding of fact that plaintiff had treated Candace O. Coleman with cruelty, was res judicata in the present case.

We will consider all grounds asserted since the trial court's order must be upheld if a new trial is proper on any ground raised. *Worthington v. Caldwell*, 65 Wn.2d 269, 396 P.2d 797 (1964). See also *Larson v. Seattle*, 25 Wn.2d 291, 171 P.2d 212 (1946).

The usual rule is that the granting of a new trial is discretionary with the trial court and will not be over-turned except on a showing of an abuse of discretion, but when the trial court grants a new trial upon a question of law, it has no discretion. *Lyster v. Metzger*, 68 Wn.2d 216, 412 P.2d 340 (1966). Where the order granting the new trial is based upon a ruling as to the admissibility of evidence, no element of discretion is involved. 68 Wn.2d at 226.

 The trial court erred in ruling that the evidence of prior adulterous conduct was admissible as a matter of law. Whether that evidence was relevant was within the discretion of the trial court. There are no precise rules. Each case depends upon its own circumstances and the relation of such facts to the ultimate issue. Some discretion must be vested in the trial court on the question of remoteness and its ruling should not be disturbed unless clearly wrong. See *Hutteball v. Montgomery*, 187 Wash. 516, 60 P.2d 679 (1936), and *Davis v. Metropolitan Life Ins. Co.*, 198 Wash. 482, 88 P.2d 829 (1939). The objection of relevancy is not limited to whether the offered evidence tends to prove some fact in issue. Evidence which has some logical proof tendency may properly be refused. Its tendency to mislead, distract, waste time or confuse and impede should be considered by the trial judge in exercising his sound discretion. See 5 Meisenholder, Wash. Prac. § 1 (1965). Under the facts of the instant case, we find that the trial judge had discretion on the question of admissibility of the evidence of plaintiff's adultery. He did not abuse his discretion in excluding it.

Having so decided, we will consider the additional assignment of error cited by the defendant in his motion for a new trial.

The defendant alleges that it was error to refuse his proposed instruction No. 13 as follows:

> You are instructed that a Decree of Divorce was entered in favor of Candace C. Coleman against Eugene H. Coleman, the plaintiff herein, on June 13, 1966, based upon the Findings of Fact and Conclusions of Law which were approved by the Court on the same day. The Findings of Fact are res judicata in this case, which means that they represent the judgment of the Court and are binding in the present case as far as they are applicable.

 A similar question was before the Supreme Court in *Walsh v. Wolff*, 32 Wn.2d 285, 201 P.2d 215 (1949), wherein the court rejected the position that defendant now asserts at 288:

"To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made."

This test was not met. The defendant here, properly introduced evidence of the plaintiff's cruelty and an appropriate instruction was given by the trial court. Nothing more was required.

We find no tenable ground upon which to affirm the new trial. The case is reversed with instructions to enter judgment upon the verdict returned by the jury.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied January 5, 1970.