[No. 10561–2–I.   Division One.   September 6, 1983.]

VELMA KREMER, *Appellant,* v. RANDY AUDETTE, *Respondent.*

*Jacob Cohen,* for appellant.

*Gilbert E. Mullen,* for respondent.

SCHOLFIELD, J.—Velma Kremer sued Randy Audette, seeking recovery of damages for personal injuries she sustained during an altercation between Audette and a third person. Kremer appeals from the jury verdict in favor of Audette, alleging the trial judge erred in refusing her requested instructions on negligence and refusing to admit certain evidence offered in rebuttal. We reverse and remand for a new trial.

At trial, evidence was presented that on May 7, 1977, Kremer, in the company of C. J. Hooper and another couple, was eating, drinking and dancing at the Gateway restaurant in Sedro Woolley, Washington. Audette, accompanied by several people, was also in the restaurant. Audette and Hooper became involved in an altercation on the dance floor. The two were separated, but a short time later a second altercation erupted.

During this second fight between Hooper and Audette, Kremer was struck and injured by a plate, which had been thrown through the air. Kremer claimed that Audette threw the plate and it shattered, causing a piece to cut her

face. Audette denied throwing a plate, claiming he threw only a hamburger. There was conflicting testimony by witnesses for each side. After defense witnesses had testified that Audette never threw a plate, Kremer offered rebuttal testimony that shortly after the incident, two witnesses who testified that Audette did not throw the plate had told a rebuttal witness that Audette did throw the plate. Audette's motion to exclude these rebuttal witnesses was granted.

Kremer alleged in her complaint that her injuries were proximately caused by Audette's negligence or willful misconduct. The trial judge defined willful and wanton misconduct (instruction 8) pursuant to WPI 14.01, and instructed the jury that for Kremer to recover she had to prove "that the willful or wanton misconduct of the defendant was a proximate cause of [her] injury". Instruction 6, in part. The trial court declined to give Kremer's requested instructions on negligence as an alternate theory of recovery. We first address Kremer's contention that the judge erred in refusing to instruct the jury on her theory of negligence as a ground for recovery.

*Adkisson v. Seattle,* 42 Wn.2d 676, 258 P.2d 461 (1953) is the leading case in this state comparing willful and wanton misconduct to negligence. At page 684, the opinion quotes from 38 Am. Jur. *Negligence* § 48:

"To constitute wilful misconduct, there must be actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a conscious failure to avert injury. A wanton act is one which is performed intentionally with a reckless indifference to injurious consequences probable to result therefrom. Wanton misconduct is such as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. Strictly speaking, wilful misconduct is characterized by intent to injure, while wantonness implies indifference as to

whether an act will injure another. Graphically expressed, the difference between wilfulness and wantonness is that between casting a missile with intent to strike another and casting a missile with reason to believe that it will strike another, but with indifference as to whether it does or does not."

At page 686, the *Adkisson* opinion quotes, in part, from Restatement of Torts § 500:

It differs not only from the above–mentioned form of negligence [inadvertence], but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind."

■ To recover under willful misconduct, plaintiff must prove an intentional injury. To recover under wanton misconduct, plaintiff must prove a reasonable person would know "that such conduct would, in a high degree of probability, result in substantial harm to another." 42 Wn.2d at 687. Limiting plaintiff's right to recover to proof of either willful or wanton misconduct places a heavier burden of proof on the plaintiff than is justified by the circumstances of this case. From the evidence presented, a jury could find a failure to exercise ordinary care which proximately caused plaintiff's injury but which was neither an intentional nor highly probable injury. A plaintiff's contention that the defendant committed an intentional act, such as throwing a plate, does not eliminate ordinary negligence as a theory of liability.

Audette contends Kremer's exception to the failure to instruct on negligence was not sufficient to fairly apprise the trial judge of the exception being asserted and was, therefore, insufficient to preserve error for appeal. Kremer's exception on this point stated:

Your Honor, the plaintiff has no exceptions to the Court's instructions as finally accumulated or no additions except for the fact we would state we feel our theory of negligence should have been presented to the jury as well.

The record reveals the trial judge understood the objection. He replied:

I think the case of King County v. Seattle [*sic*] holds that wanton or willful is not negligence and I don't feel it should be given under the facts of this case.

■ In *Haslund v. Seattle,* 86 Wn.2d 607, 614, 547 P.2d 1221 (1976), our Supreme Court said:

CR 51(f) provides that in objecting to the giving of any instruction and to the refusal to give a requested instruction, counsel "shall state distinctly the matter to which he objects and the grounds of his objection . . ." The objection must apprise the trial judge of the points of law involved and where it does not so advise the court on any particular point of law, those points will not be considered on appeal.

The exception taken was very brief. However, counsel's point was that the jury should be instructed on negligence as a theory of recovery. The exception was adequate to apprise the trial judge of that fact, and the judge's comment makes it clear he so understood it. The exception was adequate, and the trial judge erred in failing to instruct the jury on the theory of negligence.

Kremer also assigns error to the trial judge's exclusion of rebuttal evidence offered by Kremer after Audette rested his case in chief. Jodette Skogmo and Stacey Aubel testified at trial that they saw the altercation involved and Audette did not throw a plate. Kremer made an offer of proof that Mary Kremer would testify that soon after the events in issue, Skogmo and Aubel came to her and told her Audette did throw the plate.

Our Supreme Court has outlined the problems encountered when a trial judge is faced with a request to exclude proposed rebuttal evidence.

Rebuttal evidence is admitted to enable the plaintiff to

answer new matter presented by the defense. *W. E. Roche Fruit Co. v. Northern Pac. R.R.*, 184 Wash. 695, 52 P.2d 325 (1935). Genuine rebuttal evidence is not simply a reiteration of evidence in chief but consists of evidence offered in reply to new matters. The plaintiff, therefore, is not allowed to withhold substantial evidence supporting any of the issues which it has the burden of proving in its case in chief merely in order to present this evidence cumulatively at the end of defendant's case. Ascertaining whether the rebuttal evidence is in reply to new matters established by the defense, however, is a difficult matter at times. Frequently true rebuttal evidence will, in some degree, overlap or coalesce with the evidence in chief. Therefore, the question of admissibility of evidence on rebuttal rests largely on the trial court's discretion, and error in denying or allowing it can be predicated only upon a manifest abuse of that discretion.

*State v. White,* 74 Wn.2d 386, 394–95, 444 P.2d 661 (1968).

■ Mary Kremer's testimony was offered to directly contradict and impeach the testimony given by Skogmo and Aubel as defense witnesses. Her testimony was not admissible as part of Kremer's case in chief because Skogmo and Aubel had not yet testified. This was proper rebuttal testimony and should have been admitted.

■ Kremer also assigns error to the judge's rejection of the testimony of Dianne Reger offered in rebuttal. However, Reger's testimony was that Audette threw the plate and was admissible as part of Kremer's case in chief. While there was some dispute, the trial judge could have concluded that Reger was available to Kremer at all times as a witness. There was no abuse of discretion in rejecting this evidence when offered for the first time in rebuttal. *State v. White, supra.*

Kremer additionally assigns error to the rejection of evidence offered to show animosity existed between Kremer and Jodette Skogmo. Her theory was that since Skogmo was with Audette at the Gateway restaurant lounge, the jury could infer that Audette was aware of the animosity between Kremer and Skogmo and therefore had motivation to inflict intentional injury upon Kremer.

■ In *Coleman v. Dennis,* 1 Wn. App. 299, 461 P.2d 552 (1969), this court addressed the question of whether the trial court abused its discretion in rejecting evidence. The court stated at page 302:

Whether that evidence was relevant was within the discretion of the trial court. There are no precise rules. Each case depends upon its own circumstances and the relation of such facts to the ultimate issue. Some discretion must be vested in the trial court on the question of remoteness and its ruling should not be disturbed unless clearly wrong. See *Hutteball v. Montgomery,* 187 Wash. 516, 60 P.2d 679 (1936), and *Davis v. Metropolitan Life Ins. Co.,* 198 Wash. 482, 88 P.2d 829 (1939). The objection of relevancy is not limited to whether the offered evidence tends to prove some fact in issue. Evidence which has some logical proof tendency may properly be refused. Its tendency to mislead, distract, waste time or confuse and impede should be considered by the trial judge in exercising his sound discretion. See 5 Meisenholder, Wash. Prac. § 1 (1965). Under the facts of the instant case, we find that the trial judge had discretion on the question of admissibility of the evidence of plaintiff's adultery. He did not abuse his discretion in excluding it.

In considering the evidence offered by Kremer, the trial judge could have considered the lack of evidence that Audette had actual knowledge of the personal animosity between Kremer and Skogmo. Admission of the evidence could have opened an inquiry on which Audette would then be entitled to present evidence which could prove time consuming and distracting to the jury. The probative value of such evidence was slight, at best, and there was no abuse of discretion in rejecting this evidence.

Reversed and remanded for a new trial.

DURHAM, A.C.J., and RINGOLD, J., concur.